R. H. LOCKWOOD v. THE MEADE LAND AND CATTLE
COMPANY.

No. 14,234.   (81 Pac. 496.)

SYLLABUS BY THE COURT.

1. TITLE AND OWNERSHIP—*Effect of Decree Quieting Title.* An
ordinary decree quieting a plaintiff's title to real property
does not have the effect of transferring to him, as against a
stranger to the suit, the title theretofore held by the de-
fendant.

2. ——— *Holder of Voidable Tax Deed—Ejectment—Reim-
bursement.* The claimant of real property under a voidable
tax deed who has obtained a decree quieting title against the
holder of an earlier tax deed, which is also voidable, upon
being defeated in ejectment by the original owner is not en-
titled to recover anything on account of the taxes paid by
the grantee in the first tax deed.

Error from Seward district court; WILLIAM EASTON
HUTCHISON, judge.   Opinion filed July 7, 1905.   Re-
versed.

*T. A. Noftzger,* for plaintiff in error.
*Bishop & Mitchell,* for defendant in error.

The opinion of the court was delivered by

MASON, J.:   In 1899 a tax deed was issued to W. W.
Cockins and R. E. Steele.   In 1900 they obtained a de-
cree against Mary M. Hinchman, who held an earlier
tax deed covering the same property, quieting their
title thereto.   Their title was afterward transferred
to the Meade Land and Cattle Company.   R. H. Lock-
wood, who had acquired the title of the original owner
of the land, brought ejectment against that company.
It was determined that both the tax deeds referred to
were voidable, and the plaintiff was awarded posses-
sion.   He was required to reimburse the defendant for
the taxes paid by Cockins and Steele, and of this no
complaint is made.   He was also required, however,

to pay to the defendant the amount that Mary M. Hinchman had expended in procuring her tax deed, and he now brings this proceeding, contending that this requirement was erroneous, and presenting no other question.

The part of the judgment to which exception is taken can be justified, if at all, only upon the theory that an ordinary decree quieting a plaintiff's title to real property has the effect of transferring to him whatever title or interest the defendant may have previously had therein. Expressions supporting this theory were used in *Belz v. Bird,* 31 Kan. 139, 1 Pac. 246, and repeated in *Utley v. Fee,* 33 id. 683, 7 Pac. 555. In neither case, however, was the adoption of such a theory necessary to the determination reached. In the earlier one the point decided was merely that the claimant under a voidable tax deed, when defeated in an action of ejectment by the holder of a subsequent voidable tax deed, who had quieted title against the original owner, was entitled to a lien for the taxes he had paid. The court did not decide which claimant was entitled to redeem from the other, that question not being pressed, but by its final order awarded the parties liens for taxes paid in the inverse order of their accrual. In *Utley v. Fee, supra,* it was held that a tax-deed holder who, without notice of any other claim, had quieted title against the persons appearing by the records to hold the patent title was protected against a deed that had been executed to the defendants before the commencement of the action but had not been recorded until after the rendition of the judgment. In the opinion it was said, citing *Belz v. Bird, supra,* that the plaintiff in the suit to quiet title had, in virtue of the decree there rendered, obtained all the estate and interest, legal and equitable, which the defendants might at that time have had in the property. This language was sufficiently accurate for the purposes of that case, for the grantee in the unre-

corded deed was held to be in privity with the defendants in the suit to quiet title, and as he was therefore precluded by the decree from asserting any claim to the land the situation so far as he was concerned was the same as though his grantor's rights had been transferred to the plaintiff—they were no longer available to him. The argument would have been as well sustained, however, by the statement that all the estate and interest of the defendants in the property had been annulled by the decree, as between the parties to the litigation or those thereafter claiming under them.

In an equitable proceeding the general purpose of which is to quiet title or remove a cloud the relief awarded must be adapted to the special circumstances presented, and in a given case may include an order for one party to convey to another whatever interest he may have in the real estate involved. (17 Encyc. Pl. & Pr. 362, 365.) Such a decree would of course effect a transfer of title as effectually as a voluntary conveyance. (*Woolworth v. Root,* 40 Fed. 723, 726.) But an ordinary decree quieting title against a defendant does not add his claim to that already possessed by the plaintiff. It effects no affirmative increase in the plaintiff's rights. It strengthens his title only in that it cuts off a source of attack. It brings to him no new and independent right which he may assert against a stranger to the suit. It adjudges that the defendant has no claim to the property—not that a claim which he has must be deemed to be transferred to the plaintiff. (*Weed Sewing-machine Co. v. Baker,* 40 Fed. 56; *Harrigan v. Mowry,* 84 Cal. 456, 22 Pac. 658, 24 Pac. 48.)

The judgment against Mary M. Hinchman is described in the record as a decree quieting title. Its character is not shown except as it is indicated by that description. No suggestion is made that it contained any peculiar or unusual features. As a mere

decree quieting title, its effect was only to preclude the defendant or any one claiming under her from asserting against the plaintiffs or their successors any title to, or interest in, the real property affected. It did not vest in the plaintiffs the lien for taxes paid which the defendant, as the holder of an irregular tax deed, might have asserted upon being dispossessed by the original owner.

The judgment is reversed, with directions that the plaintiff in error be relieved of the requirement to pay to the defendant in error the amount of taxes represented by the tax deed issued to Mary M. Hinchman.

All the Justices concurring.