JAMES A. HILL V. PHILLIP J. MILLER *et al.* (W. M. STARLING, *Appellee;* R. E. COLRURN, *Appellant*).

No. 16,729.

### SYLLABUS BY THE COURT.

DEEDS—*Delivery—Evidence—Purchaser in Reliance upon a Judgment.* On January 18 an application was made under section 83 of the code to set aside a decree quieting title, based upon publication service. It was resisted by one who claimed to have purchased the land in good faith in reliance upon the decree. The conveyance to him was dated and acknowledged January 11, and recorded February 8. There was evidence that on January 15 he stated to the representative of the applicant that he then had no interest in the property. *Held,* that the evidence justified a finding that the deed was not delivered prior to the filing of the application.

Appeal from Haskell district court. Opinion filed March 11, 1911. Affirmed.

*T. W. Marshall,* and *Herbert Rhoades,* for the appellant.

*Fred J. Evans,* for the appellee.

The opinion of the court was delivered by

MASON, J.: The holder of a tax deed executed a conveyance to James A. Hill. On May 11, 1906, Hill obtained a decree, founded upon publication service, quieting title against S. W. Gilliland, the record owner of the patent title. On January 18, 1908, W. M. Starling, to whom Gilliland had conveyed the land, applied to have the judgment vacated under section 77

of the old code, corresponding to the present section 83, and was permitted to file an answer claiming title and disputing the validity of the tax deed. In reply to this R. E. Colburn filed a pleading asserting that he had purchased the property in good faith in reliance upon the judgment, and on that account denying Starling's right to recover against him. A trial of the issues thus formed resulted in a judgment in favor of Starling, and Colburn appeals.

To procure a reversal Colburn is required to show either that the tax deed was valid or that the evidence did not support a finding that he was not a purchaser in good faith in reliance upon the decree quieting title. The deed was less than five years old, and was voidable for the reason that it failed to state the amount for which the land was sold at the tax sale. Colburn testified that he bought the land for a valuable consideration, relying on the decree. On the other hand, the attorney for Starling testified in substance that on January 15, 1908, he told Colburn that in behalf of the owner of the land he was trying to get a settlement with the claimants under the tax title, and that in reply Colburn said he knew nothing about the matter and was not interested in it—that he had no interest in the land. Colburn denied having made these statements, but the court must be deemed to have resolved the dispute against him. No witness undertook to say when the deed to Colburn was paid for or delivered. The acknowledgment, as well as the instrument itself, was dated January 11, 1908. That is *prima facie,* but not conclusive, evidence of the time of delivery. (13 Cyc. 731.) Here the inference of a delivery on January 11 is overcome by Colburn's statement, made four days later, that he then had no interest in the property. We need not decide whether the information he received—that the owner of the land was seeking a settlement with the holder of the tax title—was sufficient to prevent his thereafter becoming a purchaser in good

faith. At all events he was not protected by the statute unless he bought and paid for the land prior to January 18, 1908, the date when the proceeding was begun to set aside the decree quieting title. His deed was not filed for record until February 8, 1908, and the trial court was justified in finding that there was no convincing proof of its delivery before that time.

The judgment is therefore affirmed.