### VAN NOY et al. v. JACKSON et al.

No. 8191—Opinion Filed March 5, 1918.

(171 Pac. 462.)

(Syllabus.)

### Judgment—Vacation—Effect—Title of Purchaser.

Where a party plaintiff obtained judgment in an action in the district court to quiet title, no motion for new trial having been filed, the term adjourned, and the judgment, having become final, conveys land to a purchaser for value without notice of any defect in the judgment, vacation of the judgment in an independent action under section 5269, Rev. Laws 1910, on a petition filed subsequent to the conveyance, does not divest the purchaser of his title.

Error from District Court, Johnston County; J. H. Linebaugh, Judge.

Suit by Aaron Jackson against T. S. Vandiver, with amended petition making W. D. Diamond a party defendant, with decree for plaintiff, and subsequent petition by Vandiver and Diamond to vacate the judgment, consolidated with the original action, and judgment vacating the decree, after which Mrs. Walter Van Noy and others, grantees of Jackson, were made parties defendant to the consolidated action, and from a judgment canceling the deed from Jackson to Van Noy and quieting title in Vandiver and Diamond, Van Noy and others bring error. Reversed and remanded, with directions.

Cornelius Hardy, for plaintiffs in error.

John T. Young, John J. Stobaugh, and J. S. Ratliff, for defendants in error Vandiver and Diamond.

OWEN, J. Aaron Jackson on August 27, 1908, brought suit in the district court of Johnston county against T. S. Vandiver to cancel two deeds executed by Jackson, conveying the lands in question to Vandiver, alleging fraud in procuring the deeds and failure of consideration. Vandiver filed answer on the 15th day of September, 1908. On June 14, 1909, Jackson filed an amended petition making Diamond a party, alleging that he was a partner with Vandiver. The case was tried, and decree entered canceling the deeds and quieting the title in Jackson. On June 12, 1911, Vandiver and Diamond filed petition under section 5269, Rev. Laws 1910, to vacate the judgment canceling the deeds from Jackson to Vandiver, alleging fraud on part of counsel for Jackson in violating an agreement not to try the case during the term of court at which judgment was rendered. This action was docketed as case No. 373 in the district court, and was consolidated with the original action, case No. 69. On June 26, 1909, 12 days after the decree canceling the deeds from Jackson to Vandiver, Jackson conveyed the land to Van Noy. After the actions had been consolidated and judgment had been rendered vacating the decree canceling the deeds, Van Noy was made a party defendant to the consolidated action. Judgment was rendered canceling the deed from Jackson to Van Noy and quieting the title in Vandiver and Diamond under the deeds from Jackson. Van Noy brings the case here.

This case presents but one question necessary for our determination, and that is whether the judgment of the district court vacating its former decree affected the rights acquired by Van Noy under his deed from Jackson, executed after the decree of cancellation had become final. It is not contended that Van Noy had any actual knowledge of any defect in the judgment canceling the deeds to Vandiver and quieting title in Jackson. Counsel insist that he is not an innocent purchaser for the reason that under section 5274, Rev. Laws 1910. Vandiver and Diamond had two years in which to institute proceedings to vacate the judgment quieting the title in Jackson, and for that reason the judgment was not final prior to the expiration of the two years. Black on Judgments, in defining a final judgment, says:

"A final judgment is such a judgment as at once puts an end to the action by declaring that the plaintiff has or has not entitled himself to recover the remedy for which he sues. Final judgment means not a final de-

termination of the rights of parties with reference to the subject-matter of the litigation, but merely of these rights with reference to the particular suit."

The decree canceling the deeds and quieting title was a final judgment determining Jackson's rights to the land. We are not unmindful of the rule that, where one purchases pendente lite, he is subject to all the legal and equitable consequences of an appeal, and must abide by the consequences of a reversal. But that rule has no application here; no steps having been taken to prosecute an appeal. The time in which to file a motion for new trial had expired. The term at which the judgment was rendered had adjourned, and no proceedings were then pending to reverse, modify, or vacate the judgment. While it is true Van Noy is chargeable with notice under the statute that Vandiver and Diamond had two years in which to bring a separate action to vacate the judgment, yet it is not contended that he had any notice they would institute such action. It is insisted that, because it did not appear from the journal entry that Vandiver and Diamond were present in person at the trial, this was sufficient to put Van Noy upon inquiry and charge him with notice of the fraud complained of and deprive him of the rights of an innocent purchaser. The journal entry also recites the filing of an answer and other facts necessary to give the court full and complete jurisdiction to determine the issues and quiet the title in Jackson. The judgment was not void. It was only voidable as to Jackson, or his grantee with notice, because of the fraud alleged on the part of counsel for Jackson. A different rule prevails where the judgment is based upon a forged instrument or conveyance. The presence of Vandiver and Diamond was not necessary to confer jurisdiction. The recital that they were not present in person or by attorney was not sufficient, in our opinion, to put Van Noy upon inquiry as to their reason for not being present. It occurs to us that, when Van Noy learned from the record that the petition by Jackson, alleging failure of consideration, was filed on August 27, 1908, the answer filed on the 15th day of September, 1908, and when the case came on for trial on August 14, 1909, neither Vandiver nor Diamond appeared in person, he was justified in assuming, if he considered such circumstances at all, that Vandiver and Diamond had decided not to prosecute their defense further. This is especially true when we take into consideration the fact that Jackson was in possession of the land and delivered possession to Van Noy under his deed.

Section 5271, Rev. Laws 1910, provides that, where a judgment is vacated or modified on proceedings instituted under section 5269, all liens and securities obtained under the judgment shall be preserved to the modified judgment. Under section 4728 of this statute a judgment rendered on service by publication may be vacated by motion any time within three years, but it is also provided by this section the title to any property, the subject of the judgment sought to be opened, which by it or in consequence of it shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section. Section 5176 of this statute provides that, where land has been sold in satisfaction of a judgment appealed from, but not superseded, the title will not be affected upon reversal of the judgment. The purpose of these statutes is to give full faith and credit to judicial sales and sales made in consequence of final judgments. This is necessary in order to give final judgments the full faith and credit to which they are entitled. These statutes do not change the common-law rule that the rights of innocent purchasers under final judgments will be protected. The case of Howard v. Entreken, 24 Kan. 428, is one in which the rights of third persons were involved, having purchased under a judgment had on service by publication. After quoting the statute, which is identical with ours, it was said:

"We regard this section and section 467 of the Code, as only declarations of the previous common-law rule; and, like that rule, they were adopted to protect third persons purchasing under the authority of a judgment or decree. They apply to strangers to the judgment, who have purchased under the honest belief that the judgment is valid. If the judgment is afterward reversed, or opened up, the defendant who has lost his property must look to the plaintiff for redress."

In the case of Guiteau v. Wisely, 47 Ill. 433, it was held:

"The rights of third parties, acquired under an erroneous judgment, cannot be divested by a subsequent reversal."

In that case the purchaser acquired his rights after the judgment became final and prior to the institution of the proceedings to have the judgment vacated. To the same effect are the cases of McJilton v. Love, 13 Ill. 486, 54 Am. Dec. 449; Hubbell v. Broadwell, 8 Ohio, 120; Goodwin v. Mix, 38 Ill. 115.

In the case of Taylor v. Boyd, 3 Ohio, 338, 17 Am. Dec. 603, it was held:

"A party having title to land under decree in chancery, conveys in good faith, before citation on error is served, a reversal of the decree does not divest the purchaser's title."

Under the procedure there, suing out the writ of error was held to be in the nature of a new and original suit, and for that reason rights of persons acquired after the judgment became final, and before the institution of the new proceedings to vacate would be protected. In the instant case the proceeding to vacate the judgment was an independent action, and an entirely different case, taking a different number on the docket from the case in which the decree quieting title in Jackson had been rendered. Original process issued to bring Jackson into court in that action. The relative character of the parties to that action was exactly the reverse of the former action, and judgment rendered in the new action, although it operated upon the original cause, is nevertheless a termination of the new suit, and did not deprive Van Noy of the rights acquired in good faith and for value under the judgment rendered in the action between Jackson and Vandiver, in which title was quieted in Jackson.

The judgment of the lower court is reversed, and the cause remanded, with directions to enter judgment quieting title in the plaintiffs in error.

All the Justices concur, except RAINEY, J., not participating.