### McINDOO v. BROWN et al.

No. 16705. Opinion Filed Feb. 8, 1927.

Rehearing Denied June 7, 1927.

(Syllabus.)

Equity—One Seeking Equity Must Do Equity—One Seeking Cancellation of Mortgage as Cloud Required to Repay Amount Advanced to Satisfy Former Mortgage.

Where a party seeks equitable relief as against another who has advanced money to

his benefit, releasing a mortgage and loan on real estate, and who owns and holds a mortgage by assignment executed by the one with whom the complaining party had entered into a contract of sale, afterwards repudiating the same, such equitable relief will not be granted or the mortgage pleaded as a cloud upon the title canceled, unless the party to whose benefit the money has been advanced repays the same; for he who seeks equity must do equity.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by Davis Brown against Nettie M. McIndoo; Davenport, Ratcliffe & Bethel, a corporation, intervening. Judgment for intervener, and defendant brings error. Affirmed.

Elliott & Nicodemus, for plaintiff in error.

Ellis A. Robinson and Quincy J. Jones, for defendant in error.

BRANSON, C. J. Error is prosecuted herein from the district court of Tulsa county. In said court, Davis Brown, as plaintiff, brought suit against Nettie M. McIndoo, as principal defendant, for specific performance of a contract of exchange of real property. Davenport, Ratcliffe & Bethel, a corporation, intervened. The said Davis Brown will herein be referred to as plaintiff, Nettie M. McIndoo as defendant, and Davenport, Ratcliffe & Bethel as intervener.

The contract out of which the controversy arose was executed by the plaintiff on the 31st day of May, 1924. It was a real estate exchange contract. It recited that plaintiff owned some farm land in Mayes county, on which there existed a mortgage to be assumed by the defendant, in the sum of $2,000; that the defendant owned some residence property in the city of Tulsa, on which there was a mortgage of $2,800 plus, to be assumed by the plaintiff; that the contract was to be performed within 30 days, 15 days additional to be allowed to either party to adjust any objections found to the title. On the 8th day of July, the attorney for the defendant approved, by means of a letter addressed to her, the title of the plaintiff to the Mayes county land, subject to minor exceptions, which apparently could have been corrected. Pending their correction, and on the 14th day of July, the defendant determined that she would not comply with the contract, and on the 16th day of July, notified the parties of this determination. In the meantime, and about the middle of June, the plaintiff applied to the intervener for a loan of $3,700 on defendant's property. Intervener's

agent went to the residence, and the defendant showed the house and premises to such agent, the agent and representative of the said intervener stating to her that intervener expected to make a loan on the property to the plaintiff. The loan was made, the mortgage being executed on defendant's property to the Oklahoma Savings & Loan Association of Oklahoma City, represented by intervener in the city of Tulsa. Out of the proceeds of said loan, the mortgage theretofore executed by the defendant and existing on her property, to the Local Building & Loan Association, was paid to the extent of more than $2,800, the amount remaining due thereon. This was about the 20th of June. At the time the defendant as aforesaid refused to carry out the contract, the mortgage on her property, which was her personal obligation, had been satisfied for more than 15 days. The Oklahoma Savings & Loan Association, not satisfied with the condition, was relieved thereof by its representative, the intervener, and the mortgage assigned to the intervener, and in this action the intervener set up this situation and prayed that it be decreed a lien upon defendant's property to the amount of the money that had been paid to satisfy the previous mortgage executed by the defendant to the Local Building & Loan Association of Tulsa. Such prayer was by the trial court granted, and it is to reverse this judgment that the defendant prosecutes error here.

It must be noted, as stated, supra, that after the defendant's mortgage had been paid on her property from money advanced first by intervener's principal and then paid by the intervener, she repudiated her contract before the time expired within which any correction as to the title might be made. Later, her attorney approved the title. In this connection, attention should be called to the fact that there was nothing in the contract that made time of its essence. Intervener prayed for equitable relief.

The position of the plaintiff in error in this court is, as stated in her brief, that any mortgage given by plaintiff upon her property was without her knowledge or consent, and that any money advanced by the intervener in the payment of a previous existing mortgage on her property was paid without her knowledge or consent, and such action constituted a voluntary payment, and that neither she nor her property could be required to repay the amount so paid.

In her answer to the intervener's petition, she prayed that the mortgage to the Okla-

homa Savings & Loan Association then held by intervener be canceled and held for naught.

So the question is, Was the judgment of the trial court without error, under the facts? It must be noted that the defendant prayed equitable relief, to wit, the cancellation of the mortgage executed by the plaintiff after the contract of sale and the execution by both the plaintiff and the defendant of deeds, which were placed in escrow pending examination of title, and it must further be noted that under the said contract plaintiff was required to assume the mortgage on defendant's property as part of the purchase price thereof.

On the trial the plaintiff abandoned his action for specific performance, and the suit proceeded as between the intervener and the defendant, the intervener invoking equitable principles to protect the money advanced, the benefit of which the defendant had received, and specifically invoking section 7431, C. O. S. 1921, which section provides:

"One who pays to the owner any part of the price of real property, under an agreement for the sale thereof, has a special lien upon the property, independent of possession, for such part of the amount paid as he may be entitled to recover back, in case of failure of consideration."

It must therefore be apparent that the intervener had paid for the plaintiff the part of the purchase money to the amount of the mortgage on the defendant's city property, something over $2,800, and that by reason of its position it asserted that equity would not cancel its mortgage without directing that the amount of money paid by it in satisfaction of a previous mortgage owing by the defendant to the Local Building & Loan Association of Tulsa be repaid to it. Hurley v. Anicker, 51 Okla. 97, 151 Pac. 593; Carter v. Fox (Cal.) 103 Pac. 910: Frink v. Thomas (Ore.) 25 Pac. 717.

The intervener further invoked the principle that he who seeks equity must do equity, and that the relief prayed by the defendant as against it would not be granted without the money advanced for the defendant's benefit being paid. Nellis et al. v. Menton, 91 Okla. 75, 216 Pac. 147; Gibson v. Johnson, 73 Kan. 261, 84 Pac. 982; Walters v. Chance, 73 Kan. 680; Whitehead v. Stevens, 54 Okla. 337, 152 Pac. 445; Power & Irrigation Co. v. Capay Ditch Co., 226 Fed. 634: 10 R. C. L. 394; Henry et al. v. Henry (Neb.) 107 N. W. 789. In this last case, we think the facts are in effect all but the same as in the case at bar. The law announced by the court as stated in the syllabus is:

"A party seeking relief from a cloud upon the title to land, created by a void mortgage, may be compelled to do equity as a condition precedent to relief, even though the holder of the mortgage could not enforce the same by foreclosure."

By analogy, the following cases are persuasive: New York Natl. Bldg. & Loan Ass'n v. Cannon et al. (Tenn.) 41 S. W. 1054; Rock Co. v. Weirick (Wis.) 128 N. W. 94; Haswell v. Standing et al. (Iowa) 132 N. W. 417; Thomas v. Brownville et al. (U. S.) 27 L. Ed. 1018.

Under the undisputed facts in the instant case, we think the principles contended for by the intervener are sustained on principles of equity and justice, and that the equitable relief sought by the defendant as against the intervener required that she do equity and pay intervener the amount theretofore paid out in releasing a mortgage executed by her on her own property, and for which she was liable. This was the effect of the judgment of the trial court, and its findings are in all respects affirmed.

MASON, PHELPS, LESTER, HUNT, CLARK. RILEY, and HEFNER, JJ., concur.

Note.—See 9 C. J. p. 1207, §93; 21 C. J. p. 172, §151; p. 179, §162; 32 Cyc. p. 1379; 4 R. C. L. p. 512; 6 R. C. L. Supp. p. 257; 10 R. C. L. p. 393: 2 R. C. L. Supp p. 1009; 4 R. C. L. Supp. p. 664; 5 R. C. L. Supp. 553; 6 R. C. L. Supp. p. 610.