## WINN et al. v. KROW.

No. 19470. Opinion Filed July 1, 1930.

Commissioners' Opinion, Division No. 2.

Wilcox & Swank, for plaintiffs in error.

McCollum & McCollum, for defendant in error.

EAGLETON, C. A. D. Krow brought suit in the district court of Pawnee county against William H. Winn, Ray Tansel et al. Judgment was for the plaintiff. The defendants, William H. Winn and Ray Tansel appeal. These parties will be referred to as plaintiff and defendants, as they appeared in the trial court.

The original petition alleged two causes of action. In the first cause of action he pleaded that in January, 1922, pursuant to an oral agreement with Winn and Tansel, he purchased an oil lease covering certain property in Pawnee county; that he was to be carried in said lease for an undivided one-eighth interest and be reimbursed his

expenses; that he purchased the lease for $1,200, incurred expenses of $140; that he took the lease in his own name, assigned it to defendants, or one of them; that the defendants paid the $1,200, but failed, neglected, and refused to reassign him an undivided one-eighth interest in the lease or repay him for actual expenses.

In his second cause of action he re-alleged his first cause of action, and pleaded further that the defendants offered in writing to settle the differences between them by selling him the oil and gas lease for $1,400; that while the offer was open he made acceptance thereof on the 21st day of June, 1922; that he told the defendants that he would take the lease and pay them $1,400, and that he was ready and able to pay that sum; that the defendants, in order to avoid this sale to him, in collusion with the other defendants, assigned said lease for the purpose of putting it out of their hands and pretending that it was in the hands of an innocent purchaser; that the assignee or assignees thereof knew the facts and had no actual interest in the lease. He tendered the $1,400 into court and prayed for specific performance of his agreement to purchase the lease for $1,400.

The defendants Winn and Tansel filed demurrers to the petition, which were overruled.

Prior to the overruling of these demurrers a written contract of settlement of this litigation was entered into between the plaintiff and the defendants, the parties who appear in this court. The defendants failed to carry out their obligations under the contract of settlement. The contract of settlement provided that the lease involved in this controversy should be assigned and the assignment forwarded to the plaintiff on a ten-day draft, and in case the plaintiff should fail to pay said draft and take the assignment, then he was to return the same to the defendants and release the lawsuit and the defendants were to pay him $140 and assign to him ten acres of the 80-acre lease. They were to flip a coin to determine which end of the lease should be assigned. The $1,400 draft was not taken up, the lease was returned to the defendants, the defendants tendered the plaintiff an assignment of ten acres of the lease, but failed and neglected to pay the $140. The plaintiff refused to accept the assignment of the ten acres unless it were accompanied by the payment of $140. The defendants having failed to make the payment of $140. and subsequent to the overruling of defendants' demurrer, the plaintiff wrote to the defendants:

"* * * You can consider it all off and 1 own 1/8 interest in the whole lease and you owe me the $140 and I will not release the suit pending in the court. * * * You will have to pay me and I still hold the 1/8 undivided interest in the lease. Send me that $140 please."

Thereafter, on January 3, 1923, four days before the first rental payment was due on the lease, the defendants withdrew their answers, which were in the nature of general denials, and filed answer in the cause in which they attempted to accept the tender of $1,400 and tendered delivery to plaintiff of the assignment of the lease. Shortly thereafter the defendants moved for a judgment on the pleadings in the cause. Thereupon the plaintiff obtained permission of court and filed a supplemental petition in which he withdrew his cash offer made in his original petition, alleged the contract of settlement, and prayed for his one-eighth interest in the lease and $140. The defendants filed answer to the supplemental petition in which they alleged that the plaintiff had made an agreement of settlement by his tender in his original petition and that their acceptance of his tender of $1,400 in consideration for the conveyance of him of the lease entitled them to a decree thereupon. Their prayer was for a decree to require plaintiff to make good his tender of $1,400 on their delivery of assignment of the lease. The plaintiff filed a response which was a general denial. On trial of the cause the court entered judgment for the plaintiff in the sum of $140, the lease in the meantime having expired. The defendants at no time paid any rental on the lease. The plaintiff paid the first rental. From the record no other rental payment was made. The cause was tried in January, 1928.

There seems to have been but one issue before the trial court. The plaintiff was claiming this expense money in obtaining the lease, in the sum of $140. The defendants were claiming $1,400 pursuant to the tender of the plaintiff and their acceptance. At the opening of the case the following colloquy clarified the issues:

"The Court: Then, the only question is whether or not your offer came too late. Is not that the question? Mr. Swank: Yes, sir. The Court: Is not that the issue, then? Mr. Swank: Yes, sir. That is largely the issue. The Court: Is that your understanding of it, Mr. McCollum? Mr. McCollum: Yes, sir. The Court: If they were in time and actually in good faith accepted your offer at the proper time, then you would be required to comply with that, would you not? Mr. Swank: Yes, sir. That is our position. The Court: But you claim they did not do that? They were given the oppor-

tunity and it was called off before they accepted it? Mr. McCollum: Yes, sir."

This suit was brought for specific performance, and though this court will review the evidence, it will not reverse the judgment unless the same is against the clear weight of the evidence.

It is the contention of the defendants that the tender of $1,400 made by the plaintiff in the second cause of action of his original petition was tantamount to paying into court that sum of money, and having made this tender, the money itself became the money of the defendants, and they cite in support thereof section 310, C. O. S. 1921; Hunt on Tender, pages 273, 584; Laysoya Oil Co. v. Zulkey, 40 Okla. 690, 140 Pac. 160; Yesing Co. v. Corbitt and MacLeay, 9 Fed. 423; 38 Cyc. of Law and Procedure, 166, 167; Jonathon Turner's Sons v. Lee Gin and Machine Co. (Tenn.) 38 L. R. A. 549; Taylor v. Brooklin El. Ry. Co. (N. Y.) 23 N. E. 1106. These authorities announce the general rule that where suit is brought against a defendant on an obligation or purported obligation, on contract or in tort, the deposit of money in court on a tender made by the defendant vests the title to the money in the plaintiff, and even though the defendant should thereafter be successful in the litigation the moneys tendered into court are the moneys of the plaintiff and same may not be recovered by the defendant. Under such circumstances a tender is made at the peril of the defendant.

The effect of a tender is discussed in 26 R. C. L. 656, as follows:

"Withdrawal of Money Generally. The deposit of money tendered in a bank, or with a third person, without the order of the court, does not prevent a withdrawal if there has been no acceptance, but where money is paid into court not only does the party paying it into court lose all right to it, but the court itself has no power to make an order in the same action which, in effect, retransfers the title, and so the court has no power to permit the defendant to withdraw the money. The transfer is complete, and cannot be changed without consent, or a decree in equity, from the moment the court takes control of the money. Acceptance by the court for the plaintiff has the same effect as acceptance by the plaintiff himself. Relief from mutual mistake, or mistake on one side and fraud on the other, can be had, if at all, only in an independent action brought for the purpose. The court has no power on granting an order permitting an amendment to the answer to authorize the withdrawal of money paid into court on a tender, for power to amend a pleading is simply power to change the issues which control the admission of evidence, and it cannot of itself change the title to property, or transfer to the defendant that which previously belonged to the plaintiff. That is not the office of a pleading and cannot be held an incident thereto. Pleadings define the issues, but do not try them. While a party may by amendment be relieved from an inadvertent admission in his answer, he cannot thereby be relieved from the effect of an act which, wholly independent of his answer, irrevocably transferred the title to money. A party by his pleading admits or asserts a right, but when by his act outside of his plea he transfers a right, he cannot by amendment revoke the transfer. But if by the terms of an order permitting a defendant to answer in a suit in equity the plaintiff is given leave to withdraw, the plaintiff may thereafter withdraw the money if he desires to. A different rule applies when a tender is made as a prerequisite to the enforcement of a right. In that case, if the money is paid into court, title does not pass to the opposite party and the court may permit the withdrawal of the money. * * *"

And again, at page 658 of the same volume, it is said:

"Where Affirmative Relief is Sought. Where one is not defending against a claim, but is seeking affirmative relief to which, as a condition precedent, it is essential that he tender an amount due, the payment of the money tendered into court does not transfer the title to the other party, but it remains in the one making the tender subject to the final outcome of the suit. To hold otherwise would make the payment of money into court under the circumstances an exceedingly dangerous trap for one to enter, for, if he failed in the action, he would not only lose the right which he claimed, but would also lose the money which he paid into court for the purpose of enforcing his right."

In a comparatively recent Florida case, the court said:

"Appellants' contention is predicated on the assumption that, when money is paid into court, the party paying it loses any right to it, and the court has no authority to make an order in the same case transferring the title to or permitting the one paying it to withdraw the money. We find no warrant for such a contention. The rule is well settled that, where one pays an amount tendered into court as a condition precedent to affirmative relief, such payment does not transfer the title in the money to the other party, but it remains in the one making the tender, subject to the final outcome of the suit. 26 R. C. L. 658." Quinn v. Phipps (Fla.) 113 So. 419, 54 A. L. R. 1173, 1186.

The complaint of the appellants seems to be founded upon the theory that the tender of this $1,400 vested actual ownership of the money in them. Assuming without deciding that the tender made in the pleadings

amounted to the deposit of the money in the court, their contention is not sustainable, for in this proceeding the tender was made as a prerequisite to the enforcement of a claim for specific performance and not as a tender to satisfy the claim for judgment made by a plaintiff against the one making the tender.

Section 323, C. O. S. 1921, provides:

"Supplemental Pleadings. Either party may be allowed, on notice, and on such terms, as to costs, as the court may prescribe, to file a supplemental petition, answer, or reply, alleging facts material to the case, occurring after the former petition, answer, or reply."

Whether or not a supplemental pleading may be permitted to be filed is in the discretion of the trial court, and unless there is a clear abuse of discretion its order will not be reversed. Clem Oil Co. v. Oliver, 106 Okla. 22, 232 Pac. 942; Haltom v. Nichols & Shepard Co., 64 Okla. 184, 166 Pac. 745.

The filing of supplemental pleadings has been frequently considered by this court. Any change which has taken place subsequent to the filing of the petition affecting the subject-matter of the action which would alter the position of the parties to the litigation is a proper matter to be incorporated in a supplemental pleading. Prince v. Gosnell, 47 Okla. 571, 149 Pac. 1162; Pratt v. Ratliff, 10 Okla. 168, 61 Pac. 523; Wade v. Gould, 8 Okla. 690, 59 Pac. 11; Kingfisher Improvement Co. v. Talley, 51 Okla. 226, 151 Pac. 873.

If the parties by subsequent agreement and dealings have altered their positions, it is necessary that the same be brought before the court by supplemental pleading, otherwise the parties will be foreclosed from further enforcing their rights thereunder, for all those matters which could be properly determined in the pending suit are determined by the final judgment thereof, which is res adjudicata to a further suit.

The Supreme Court of Kansas held that it was an abuse of discretion on the part of the trial court to refuse to permit supplemental pleadings to be filed to show that the plaintiff had released one of the defendants from liability subsequent to the commencement of the action. Davies v. Jones (Kan.) 60 Pac. 314.

Discussing the function of supplemental pleadings, it has been said:

"By virtue of the supplemental bill a litigant party can get the benefit of an agreement made after the commencement of a suit in regard to the matters in litigation, although it is not the exclusive remedy in such case." 10 R. C. L. 501.

And again:

"Thus, if the original bill is sufficient to entitle a plaintiff to one kind of relief or to a certain extent of relief, and facts subsequently occur that entitle him to other and more extensive relief, he may obtain such relief by setting out the new matter in a supplemental bill." 10 R. C. L. 502.

The Supreme Court of the United States has stated the rule as:

"Upon the facts of this case, the compromise mentioned in the opinion covered all the matters in controversy in the case, and was so understood by the parties, and they are bound by it.

"Although a settlement of a pending suit should usually be brought before the court by a cross-bill or supplemental answer, yet a decree establishing such a settlement may be rendered upon petition only, where no objection was raised to this course until after the decree was rendered, and where both parties appeared in the matter of the petition and contested as to the extent of the settlement." Coburn v. Cedar Valley Land & Cattle Co., 138 U. S. 196, 34 L. Ed. 876.

To the same effect are Hobson v. McArthur, 16 Pet. 182, 10 L. Ed. 930, 4; Black v. Woodruff (Ala.) 69 So. 97, Ann. Cas. 1918C, 969.

This is an equity action, and the court would have been guilty of an abuse of discretion had he refused to allow the parties by supplemental pleading to set forth the transactions which took place subsequent to the filing of the original petition, between the parties involving the subject of this action. It appears clearly that the defendants would not accept the $1,400 and convey the lease, for they wished to "ride" the lease to see what development in that vicinity would bring forth. As Mr. Tansel testified in response to a question by attorney for plaintiff: "I did ride it." The plaintiff specifically withdrew his tender by a letter written to the defendants prior to the time the defendants attempted to accept the tender. A court of equity will not permit any such sharp practice by the defendants, will not permit the defendants to take advantage of an apparent technical tender after they have obtained all the advantages which could come to them by holding the lease until it was substantially condemned and then accept or pretend to accept a tender and bind the plaintiff thereby. An examination of the record discloses that full justice has been done in this cause. The cause is therefore affirmed.

BENNETT, TEEHEE, DIFFENDAFFER, and HERR, Commissioners, concur.

By the Court: It is so ordered.