**EUDALY et al.    v.    SUPERIOR OIL CO.**

No. 35348.

Supreme Court of Oklahoma.

May 4, 1954.

W. D. Hart, Pauls Valley, Twyford, Smith & Crowe, Oklahoma City, for plaintiffs in error.

Richardson, Cochran, Dudley, Fowler & Rucks, Richard W. Fowler, Oklahoma City, C. H. Bowie, Pauls Valley, for defendant in error.

PER CURIAM.

Defendant in error, The Superior Oil Company, will be referred to herein as "Superior" or as "plaintiff", and plaintiffs in error will be referred to as "the Roller heirs" or as "defendants." L. R. Bradshaw and wife, and W. C. Bonney and wife, who are not parties to this action but will be frequently mentioned in this opinion, will be referred to collectively as "Bradshaw".

Plaintiff brought this action to quiet title to a leasehold interest, oil and gas lease, in and to the E2 SW¼, Section 23, Town-

ship 3 North, Range 3 West, Garvin County, Oklahoma, alleging ownership and possession of a valid and subsisting oil and gas lease covering the entire 7/8ths working interest in and to the minerals lying in and under said lands. Defendants filed answer and cross-petition attacking validity of plaintiff's oil and gas lease and asserting ownership of the lands in themselves. Plaintiff replied that title to the oil and gas lease passed to it by and in consequence of a judgment previously rendered against defendants adjudging plaintiff's lessors to be the owners of the property covered by the lease and plaintiff was an innocent purchaser in good faith of said oil and gas lease. Amendments were made to the answer and cross-petition which it will not be necessary to discuss.

Defendants contend that plaintiff was not an innocent purchaser for value of the oil and gas lease and that the judgment of the trial court quieting title in plaintiff is not sustained by the evidence and is contrary to both the law and the evidence.

We observe no substantial conflict in the evidence but the findings and judgment of the trial court were generally in favor of plaintiff and against the defendants and must be sustained by this court if supported by sufficient evidence and not clearly contrary to the weight of the evidence.

The material facts are as follows:

Mary Roller died on or about April 5, 1935, seized and possessed of the above described real estate. The date of her death and the identity of her heirs at law was stipulated in the trial court. The defendants, except Mattie Bynum nee Roller and Lizzie Hudlow, who were not included in the stipulation and apparently had no interest in the property, were heirs at law of Mary Roller, deceased, and acquired their interest by inheritance from her.

L. R. Bradshaw obtained a resale deed to the above property in 1940 and, thereafter, W. C. Bonney and Wilma G. Bonney, his wife, acquired an alleged title to an undivided 1/4th interest in all mineral and mineral rights.

J. W. Collins, a lease broker, acting in behalf of the Superior Oil Company, arranged with Bradshaw to obtain a lease upon the land for a bonus of $1200. The lease was executed on June 4, 1945 between L. R. Bradshaw and Helen E. Bradshaw, his wife, W. C. Bonney and Wilma G. Bonney, his wife, lessors and J. W. Collins, lessee. It was necessary to quiet the title of lessors and by oral agreement the lease was placed in The First National Bank and Trust Company of Oklahoma City, with a draft drawn by Bradshaw on Collins for the sum of $1200 and, if and when lessors had quieted their title against the owners and attorneys for Superior had approved the title, the oil company would pay the draft and receive the lease. Subsequent to placing the lease in the bank, Collins, as was customary, by his trust receipt therefor to the bank, obtained possession of and delivered the lease, his assignment thereof and abstract of title, for inspection and examination only, to Superior. Superior, without instructions or authority from Collins, inadvertently caused the lease and assignment thereof to be recorded July 25, 1945.

Bradshaw filed suit to quiet title as agreed and on September 19, 1945 obtained judgment against certain of the Roller heirs and a judgment against all the others on October 22, 1945. Thereafter the title was approved and Superior tendered $1200.00 to the bank in payment of the Bradshaw draft; the bank, upon instructions it had received from Bradshaw, refused to accept payment. On December 20, 1945, Superior filed suit in United States District Court for the Eastern District of Oklahoma to quiet its leasehold title against Bradshaw. The agreed bonus of $1200 together with interest was tendered to Bradshaw in the pleadings and at the trial, in open court, and, upon his refusal thereof, it was paid into the registry of that court. On October 7, 1946, United States District Court for the Eastern District of Oklahoma, rendered judgment adjudging Superior to be the owner of the oil and gas lease, quieting its title thereto against Bradshaw, from which judgment Bradshaw appealed and on October 31, 1947, United States Court of Appeals for the Tenth Circuit affirmed, Bradshaw v. Superior Oil Co., 164 F.2d 165.

Mandate was filed in the trial court December 8, 1947, and on December 18, 1947, Bradshaw received payment of the money previously paid into the registry of said trial court. The defendants in the case at bar were not parties to that suit.

On November 4, 1946, 28 days after the entry of the judgment in favor of Superior and against Bradshaw in the United States District Court for the Eastern District of Oklahoma, a number of the Roller heirs filed their petition in the District Court of Garvin County, Oklahoma to vacate the judgment rendered against them in favor of Bradshaw in that court. Superior was not made a party to that proceeding and first received knowledge thereof in January 1947. On October 29, 1947 certain others of the Roller heirs, likewise, filed their petition to open the aforesaid judgment against them. Superior was not made a party to that proceeding. The aforesaid petitions of the Roller heirs to open Bradshaw's judgment stated that process had been served upon them by publication only, none of them received through the mail a copy of the Bradshaw petition together with a copy of the publication notice and during the pendency of the action none of them had actual notice thereof in time to appear in court and make his defense. It was denied that a firm of attorneys who appeared and apparently represented some of them in said action had any authority to do so. The trial court granted the petitions of the Roller heirs, opened the quiet title judgments and let them in to defend in said cause pursuant to the provisions of 12 O.S.1951 § 176. Bradshaw appealed from that order and the Supreme Court of Oklahoma affirmed, Bradshaw v. Eudaly, 202 Okl. 640, 217 P.2d 522. The trial court then entered its judgment finding that the resale tax deed under which Bradshaw claimed was void and quieting the title of the Roller heirs, except as to three of them who had personally appeared in the original suit and were bound by the judgment rendered therein in favor of Bradshaw.

Superior then brought the present action as plaintiff against the defendants to quiet the leasehold title as against them.

It was stipulated in the case at bar that Bradshaw was in possession of the lands when the oil and gas lease thereon was executed and so remained until about July 19, 1950, and the heirs at law of Mary Roller, deceased, were the owners of the land by inheritance before the resale tax deed was issued in 1940 to Bradshaw.

The Bradshaw judgments quieting title in him were opened by the Roller heirs pursuant to Title 12 O.S.1951 § 176, and plaintiff relies upon the provisions thereof to sustain the validity of the leasehold estate it acquired from Bradshaw. Said statute is in material part as follows:

"A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit, or other evidence that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; but the title to any property, the subject of the judgment or order sought to be opened, which, by it, or in consequence of it shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, * * *."

The Roller heirs present the assignments of error contained in their brief under two general propositions, in substance, that Superior is not protected and the validity of the oil and gas lease can not be sustained under the provisions of Title 12 O.S.1951 § 176, supra, because the purchase price was not paid until after the Roller heirs filed their petitions to open the judgments and Superior had actual and constructive notice thereof before parting with title to the purchase money; that the judgment in the Federal Court is not binding on the Roller heirs as they were not parties to the action. We will discuss these propositions in inverse order.

■ The Roller heirs contend under their proposition two that, they not being parties thereto, the Federal Court judgment is not binding on them on the theory of res adjudicata or estoppel. The Superior agrees with this contention in its brief and thus eliminates any further consideration thereof. Superior contends, however, that the judgment and other proceedings connected therewith were admissible and are to be considered for the purpose of showing the facts and circumstances surrounding payment of the lease bonus money by Superior, including when, manner and all other relevant facts and circumstances pertaining thereto. Also for the purpose of showing the fact of the rendition of the judgment, date thereof and to establish the collateral fact that Superior had acquired the lease from Bradshaw; that the judgment constituted an involuntary transfer of the lease from Bradshaw to Superior and a link in Superior's chain of title. We agree. See 20 Am.Jur. 848, Sec. 1001, Restatement of the Law of Judgments, page 524, Sec. 110, 50 C.J.S., Judgments, § 821b, p. 387; 50 C.J.S., Judgments, § 839, p. 407; 22 C.J. 743, Sec. 833; 32 C.J.S., Evidence, § 577; 22 C.J. 801, Sec. 913; 32 C.J.S., Evidence, § 636; also Mechanics' & Traders' Ins. Co. of New Orleans v. Local Building & Loan Ass'n, 128 Okl. 71, 261 P. 170.

■■ We now come to the question as to whether or not title to the oil and gas lease passed from Bradshaw to Superior as a purchaser in good faith within the meaning of Title 12 O.S.1951 § 176, supra, and remains unaffected by reason of the subsequent vacation of the Bradshaw quiet title judgments by the defendants. This court has construed Title 12 O.S.1951 § 176, supra, many times and is committed to the rule that a defendant is entitled to have a judgment entered against him, resting only upon service by publication, set aside upon application made within three years from the date of the judgment, pursuant to said statute, provided the defendant tenders with the application to set aside the judgment, a valid defense to plaintiff's action. However, the title or interest of strangers to the proceedings acquired, in good faith, in the

subject matter of the litigation, after the rendition of the judgment and before application is made to set aside the judgment, remain unaffected and the subsequent vacation of the judgment does not divest the purchaser of his title or interest thus acquired. Title 12 O.S.1951 § 176, Sunray Oil Corporation v. American Royalty Petroleum Co., 203 Okl. 637, 224 P.2d 965; Berkey, Adm'r v. Rader, 116 Okl. 258, 244 P. 184; Van Noy v. Jackson, 68 Okl. 44, 171 P. 462; Baldwin v. Mayor, 188 Okl. 272, 108 P.2d 132; Lockwood v. Moore, 10 Cir., 86 F.2d 689; Bradburn v. McIntosh, 10 Cir., 159 F.2d 925.

The findings and judgment of the trial court are amply supported by the evidence and it is not disputed by defendants that the judgments quieting title in Bradshaw were valid an perfect upon the face thereof and nothing whatever appeared upon the judgment roll to indicate there was any defect in the judgments or the title of Bradshaw when attorneys for Superior approved the title and Superior tendered payment of the draft to the bank. Neither is it disputed that Superior was acting in good faith, in reliance upon Bradshaw judgments, and would not have otherwise accepted the lease, paid for it or pursued the course it did. Bradshaw was in possession of the land. This situation continued until and beyond the rendition of the judgment in the United States District Court for the Eastern District of Oklahoma on October 7, 1946, adjudging Superior to be the owner of the lease and quieting its title thereto against Bradshaw; there is no proof or contention to the effect that Superior had actual knowledge prior to January 1947 when a letter was received from one of counsel for defendants.

■ A judgment is not void in the legal sense, unless the invalidity and want of jurisdiction appears on the record and a purchaser who is not a party to the proceedings is not bound to go beyond the judgment roll if the facts necessary to give the court jurisdiction appear upon the face of the proceedings, Sunray Oil Corporation v. American Royalty Petroleum Co., supra. However, defendants contend that the consideration for the lease had not passed from

Superior to Bradshaw prior to filing the petitions by the Roller heirs to open the Bradshaw judgments and let them in to defend; that by reason thereof Superior was not a purchaser in good faith and not entitled to the protection of the statute. We do not agree with this position. The bonus money was first tendered by the plaintiff to the bank in payment of the draft when the title had been approved by its attorneys and the bank, upon instructions from Bradshaw, having declined to accept it, suit was filed in the Federal Court against Bradshaw to quiet title to the leasehold estate in which the bonus money was tendered in the pleadings. It was again tendered with interest, in open court, at the trial and, upon refusal thereof by Bradshaw, paid into the registry of that court where it remained until December 18, 1947, at which time it was paid by the clerk of the court to Bradshaw.

Defendants cite and rely upon 66 C.J. 1108, Tootle v. Payne, 82 Okl. 178, 199 P. 201; La Fon v. Grimes, 5 Cir., 86 F.2d 809, 109 A.L.R. 156; Hill v. Miller, 84 Kan. 196, 113 P. 1043; Howard v. Entreken, 24 Kan. 428; Berkey v. Rader, 116 Okl. 258, 244 P. 184; 12 O.S.1951 § 309; Winn v. Krow, 144 Okl. 110, 289 P. 756; Dunn v. Hunt, 76 Minn. 196, 78 N.W. 1110; Lockwood v. Moore, 10 Cir., 86 F.2d 689; Lockwood v. Meade Land & Cattle Co., 71 Kan. 739, 81 P. 496 and Brown v. Massey, 13 Okl. 670, 671, 76 P. 226, in support of their proposition one. We have carefully read and considered said authorities and find that they do not sustain the position of the defendants in the case at bar.

Title 12 O.S.1951 § 309, cited above reads:

"When a tender of money is alleged in any pleading, it shall not be necessary to deposit the money in court when the pleading is filed, but it shall be sufficient if the money is deposited in court at trial, or when ordered by the court."

A careful reading of the case of Winn v. Krow, cited above, discloses that the court in that case did not base the decision upon the above statute. The citation of the statute is found in the syllabus prepared for publication but not in the syllabus by the court. The statute pertains to the time within which a tender should be made and not the effect thereof. It has been construed by this court in connection with 68 O.S.1951 § 453, and 68 O.S.1951 § 360 wherein it was held that under Title 12 O.S.1951 § 309, the time of the deposit in court is left to the discretion of the court and construing said statutes together held that such deposit should be made before judgment was rendered for the party from whom the tender was due. Wilcox v. Westerheide, 199 Okl. 312, 185 P.2d 452, 173 A.L.R. 1171. See also, Brown v. Clark, 181 Okl. 473, 74 P.2d 933, and Courtney v. Worley, 181 Okl. 399, 74 P.2d 370.

The case at bar was an action in equity to quiet title and the equity rule of "he who seeks equity must do equity" applies. Plaintiff, complying with this rule, as hereinabove stated, first tendered payment of the bonus money to the bank in payment of the draft, next tendered it in the pleadings filed in the Federal Court, again, in open court, at the trial of the Federal Court case and, it being refused by Bradshaw, deposited the bonus money with interest thereon in the registry of the Federal Court for the benefit of Bradshaw. This court holds that the party making a tender in the trial of a cause for the purpose of doing equity is bound by such tender. Lasoya Oil Co. v. Zulkey, 40 Okl. 690, 140 P. 160. The trial court was reversed in that case and under the decision of the Supreme Court it would not have been necessary to make the tender. Nevertheless the court held that the party making the tender was bound thereby and awarded the money to the person for whom the tender was made. See also, Warner v. Wickizer, 146 Okl. 232, 294 P. 130; Whitehead v. Stevens, 54 Okl. 337, 152 P. 445; Nellis v. Minton, 91 Okl. 75, 216 P. 147; First Nat. Bank of Ada v. Elam, 126 Okl. 93, 258 P. 892; Columbia River Co. v. Smith, 83 Or. 137, 162 P. 831, 163 P. 309; Fox v. Williams, 92 Wis. 320, 66 N.W. 357.

We conclude and hold that, upon the rendition of the judgment in the Federal Court quieting title in Superior to its leasehold interest, the money deposited in

court became the property of Bradshaw; that Superior was then a purchaser in good faith of the lease, was thereupon entitled to the protection of the provisions of Title 12 O.S.1951 § 176, and its title to the oil and gas lease and the leasehold estate thus acquired was unaffected and it was not divested thereof by the subsequent vacation of the Bradshaw judgments.

Other grounds are presented in the brief of Superior which apparently tend to sustain the judgment of the trial court but due to the conclusions we have reached as hereinabove stated, we deem it unnecessary to extend this opinion by discussion thereof.

The judgment of the trial court is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, ARNOLD, O'NEAL and BLACKBIRD, JJ., concur.

This court acknowledged the services of attorneys A. G. Windham, Alpheus Varner and E. O. Clark, who as special masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.