Note.—See under (1) 13 C. J. p. 738 §877 (Anno); 22 C. J. pp. 1098, 1102 §1459; anno. 17 L. R. A. 272; 10 R. C. L. p. 1033. (2) 13 C. J. pp. 371, 372 §250; anno. 37 L. R. A. 594; 12 R. C. L. p. 360, et seq.; 2 R. C. L. Supp. p. 1420; 4 R. C. L. Supp. p. 755. (3) 34 Cyc. p. 947; anno. 28 L. R. A. (N. S.) 885; 28 R. C. L. p. 350; 4 R. C. L. Supp. p. 1501.

---

## BERKEY, Adm'r, v. RADER et al.

No. 15986—Opinion Filed Nov. 24, 1925.

Rehearing Denied March 16, 1926.

**1. Judgment — Service by Publication — Vacation of Judgment—Rights of Innocent Purchasers.**

A defendant is entitled to have a judgment entered against him, resting only upon service by publication, canceling a note and mortgage, set aside upon application made within three years from the date of the judgment, pursuant to section 256, Comp. St. 1921, provided the defendant tenders with the application to set aside the judgment a valid defense to plaintiff's action. However, the application of the defendant should be denied in so far as the rights of strangers to the proceedings are concerned, who have acquired interest in the subject-matter of the litigation after the rendition of the judgment and before the date application is made to set aside the judgment.

**2. Disposition of Cause.**

Record examined: held, that the record entitled the defendant to have the judgment set aside as to W. J. Rader and wife. The record supports the action of the court in refusing to set aside the judgment in so far as it affects W. G. Cook and wife, J. M. White and wife, Max Krouch, and the First National Bank of Tecumseh.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Pottawatomie County; Thos. A. Edwards, Assigned Judge.

Action by Oliver P. Berkey, administrator of the estate of Jacob S. Berkey, deceased, to set aside a judgment rendered against decedent, canceling a note and mortgage executed by W. J. Rader and wife, W. G. Cook and wife, J. M. White and wife, Max Krouch and the First National Bank of Tecumseh were made parties to the proceedings to set aside the judgment, as subsequent purchasers and incumbrancers. Judgment denied the motion to set aside the judgment canceling the note and mortgage. Oliver P. Berkey, as administrator, appeals. Affirmed in part and reversed in part.

Oliver P. Black and I. C. Saunders, for plaintiff in error.

Park Wyatt, for defendants in error.

Opinion by STEPHENSON, C. W. J. Rader and wife executed and delivered their real estate mortgage to the Phoenix Mortgage Company, covering 160 acres of land situated in Pottawatomie county, to secure the payment of an indebtedness in about the sum of $1,600, bearing date as of July 16, 1917. The Phoenix Mortgage Company sold and assigned the mortgage to Jacob S. Berkey, a nonresident, on March 5, 1918. The mortgagors executed and delivered the mortgage in question to the Phoenix Mortgage Company for the purpose of securing funds to pay the mortgages then owed to the American Investment Company in the total of about $1,560. The Phoenix Mortgage Company delayed paying the proceeds of the mortgage to the mortgagors from time to time, until the latter commenced their action on June 14, 1919, against the Phoenix Mortgage Company and Jacob S. Berkey to cancel the note and mortgage. Service was had upon Jacob S. Berkey by publication. The cause came on for trial on April 12, 1920, and resulted in judgment in favor of the mortgagors canceling the note and mortgage. Thereafter, W. J. Rader and wife sold and conveyed the property by their warranty deed on April 28, 1920, to W. G. Cook and wife, for the recited consideration of $2,500, and the assumption of a $900 mortgage then standing against the property in favor of the American Investment Company. W. G. Cook subsequently executed and delivered his mortgage upon the property to Max Krouch to secure the payment of a note in the principal sum of $1,560. The proceeds from the latter mortgage were used to pay the two mortgages owing to the American Investment Company. Thereafter, W. G. Cook conveyed the land by his warranty deed to J. M. White for the consideration of $2,500. Following this conveyance, J. M. White executed and delivered a mort-

gage to the First National Bank of Tecumseh, to secure the payment of a note in the principal sum of $1,600. Following the execution and delivery of the several instruments, and within three years from the date of the rendition of the judgment, Jacob S. Berkey filed his motion to set aside the judgment rendered against him canceling the note and mortgage in question. Cook and wife, White and wife, Max Krouch and the First National Bank of Tecumseh were made parties to the proceedings for setting aside the judgment. The defendant Berkey alleged as grounds for setting aside the judgment:

(1) That service was had upon him by publication, and that he was a nonresident of the state of Oklahoma, and was residing outside of the state of Oklahoma when the judgment was rendered against him canceling his note and mortgage. The defendant further alleged that he did not have actual notice of the pendency of the suit before the rendition of the judgment; that he was the holder of the note and mortgage canceled in the action without notice of any infirmities, and for value.

(2) That the plaintiff Rader was guilty of fraud in the procurement of the judgment, because of the fact that Rader could have ascertained his post office address, if he had inquired of the Phoenix Mortgage Company before commencing the action.

(3) The defendant alleged that fraud was practiced upon him in the following particular: That he transmitted his interest coupons to the Phoenix Mortgage Company for collection, and that the mortgage company sent him payment for the interest to and including the interest payment due in June, 1919. That the act of the mortgage company led him to believe that plaintiffs were satisfied with the note and mortgage, and were paying the interest thereon.

White and wife, and Cook and wife, and the subsequent mortgagees, filed response to defendant's motion, in which they set forth that they were owners and incumbrancers for value and without notice of the matters set forth by defendant in his motion to set aside the judgment, and prayed that defendant's motion be denied. Rader and wife, who were the defendant's mortgagors, appeared in the proceeding in opposition to the defendant's motion. Jacob S. Berkey, the defendant, died sometime after the application was made to set aside the judgment, and before the hearing thereon, and the proceeding was revived in the name of Oliver P. Berkey, as administrator of his estate. Evidence was offered on the part of the administrator to show that the decedent was a holder of the note and mortgage in due course, for value, and without notice of the defects alleged by the mortgagors. The testimony of the mortgagors was that they executed and delivered the mortgage in question to the Phoenix Mortgage Company to secure funds to pay two mortgages owed to the American Investment Company in about the sum of $1,560. That the mortgage company delayed and failed finally to pay the proceeds of the mortgage, and they commenced the proceeding for the cancellation of the instruments.

The evidence did not dispute the testimony of the defendant that Jacob S. Berkey was the holder of the note and mortgage in due course, for value, and without notice of defects in the title. The testimony showed Cook and wife, J. M. White and wife, purchasers, and Max Krouch, and the First National Bank of Tecumseh, mortgagees, were owners and lienholders for value and without notice of the matters set forth in the defendant's motion to set aside the judgment, and that they so acquired their interest in the property before the defendant commenced his proceeding to set aside the judgment.

The trial of the cause resulted in a judgment denying the defendant's motion to set aside the judgment, and the defendant has appealed the cause here for review. The plaintiff in error assigns as error the insufficiency of the record to support judgment for the plaintiffs and interveners, who were owners and incumbrancers.

It appears that the plaintiff in error does not attack the proceeding had by the plaintiff for the cancellation of the note and mortgage, except the affidavit upon which service was obtained by publication against the defendant. That part of plaintiff in error's brief relating to this proposition is in the following language:

"The plaintiff, W. J. Rader, perpetrated a fraud upon Berkey in his affidavit to obtain service by publication, when he stated therein that he was 'unable to ascertain the whereabouts of Jacob S. Berkey'."

The plaintiff in error's attack on the affidavit is in the nature of charging the plaintiff with making a false affidavit in order to procure service upon the defendant by publication. The plaintiff in error reasons from this proposition, that the plaintiff Rader practiced fraud upon the defendant in procuring service by publication in order to prevent the defendant from appearing personally, in the defense of the action. The reasoning following this statement as made

by the plaintiff in error to justify the assumption of fraud upon the part of the plaintiff in making the affidavit, is that if the plaintiff had inquired of the Phoenix Mortgage Company, it would have been able to inform the plaintiff of the post office address of the defendant. We think this deduction is not supported by the facts appearing in the record. We think it is not likely that the Phoenix Mortgage Company would have placed the plaintiff in touch with the defendant, as the mortgage company had not yet paid the proceeds of the mortgage to the plaintiff. We think it would have been the purpose of the mortgage company to prevent such information reaching Berkey, and that the mortgage company would not have furnished the defendant's post office address to the plaintiff, if the latter had made inquiry. The fraud charged in relation to the payment of the interest coupon notes, if it were fraud, cannot affect the plaintiff. But it is immaterial whether the matters charged by the defendant in this respect amount to fraud or not. It is not contended by the defendant that the record reflects the matters charged, so as to give notice to the subsequent owners and incumbrancers. Nor is it contended that the parties had actual notice of these matters prior to becoming purchasers and incumbrancers. However, the defendant stated grounds for setting aside the judgment secured by the plaintiff Rader and wife, under the provisions of section 256, Comp. St of 1921. It was sufficient for the defendant to show in his application to set aside the judgment against the plaintiff, that no service was had other than publication in a newspaper; that he had no actual notice of the pendency of the suit before the rendition of the judgment. The defendant further sets forth in his application a good defense to plaintiff's action. Section 256, supra, however, further provides that any proceeding had pursuant to the provisions of the section should not affect property involved in the judgment which has passed to a purchaser in good faith.

The evidence on the part of the subsequent owners and incumbrancers showed that they purchased the property and took the property after the rendition of judgment, and before the application was filed by the defendant to set aside the judgment. The evidence further showed that the parties paid full value for their interest in the property and acted in good faith. The defendant was not entitled to a judgment setting aside the canceling of the note and mortgage against Cook and the mortgagees. The defendant was entitled to a judgment setting aside the cancellation of the note and permitting him to defend against plaintiff's action for the cancellation of the same. The judgment of the court in respect to the subsequent owners and their mortgagees is without error.

The judgment of the court is affirmed as to W. G. Cook and wife, J. M. White and wife, Max Krouch, and the First National Bank of Tecumseh, and is reversed and remanded as to W. J. Rader and wife, with directions that the motion be sustained in so far as the judgment affects the cancellation of the note; that the administrator of the estate of Jacob S. Berkey, defendant, be permitted to file his answer to plaintiff's action for the cancellation of the note and given a trial upon this question.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. pp. 424, 427, §675; 15 R. C. L. p. 702; 3 R. C. L. Supp. p. 487. (2) 34 C. J. pp. 358, §573; 424, 427, §675.