### SWARTZ v. FARISS et al.

No. 25496.    April 6, 1937.

Rehearing Denied Oct. 26, 1937.

W. R. Withington, for plaintiff in error.

I. L. Harris, for defendants in error Mrs. H. G. Patterson and A. L. Sprout.

Jarman & Brown, for defendant in error Oil Corporation.

PER CURIAM. On October 16, 1929, E. A. Fariss obtained a judgment against Ben H. Swartz and others, quieting title to lots 11 and 12, in block 31, Terrace Lawn addition to Oklahoma City, Okla. Service was had on Ben H. Swartz by publication. Thereafter, and prior to September 22, 1932, E. A. Fariss executed an oil and gas lease on the above-described lots to Anderson-Prichard Oil Corporation; deeded the mineral rights to Mrs. H. G. Patterson and deeded the surface of the lots to A. L. Sprout. On September 22, 1932, Ben H. Swartz filed an application to open the judgment, in accordance with the terms of section 189, Okla. Stats. 1931, complying with all the requirements of section 189, including the filing of an answer. He also filed a cross-petition, alleging that the only right Fariss might have to the lots was by virtue of a resale tax deed, which Swartz alleged was void. Notice of this application by Swartz to open the judgment was served on Fariss, Sprout, Patterson, and Anderson-Prichard Oil Corporation. On the hearing of the cause, Swartz made the necessary proof to entitle him to the relief afforded by reason of section 189. Other proof was heard and the court entered judgment vacating the judgment as to the plaintiff, E. A. Fariss, but declining to do so in so far as the rights of Sprout, Patterson, and Anderson-Prichard Oil Corporation were concerned, the court finding that these parties were innocent purchasers in good faith, without notice, and that they purchased after the rendition of the judgment for a valuable consideration. From such order Ben H. Swartz appeals to this court, seeking to set aside that part of the order adjudicating the rights of Anderson-Prichard Oil Corporation, Mrs. H. G. Patterson, and A. L. Sprout, contending that the only jurisdiction the statute gives to the trial court on the hearing of a motion of this kind is to either open the judgment and let the moving defendant in to defend, or deny such motion; that there is no procedure of any kind provided for hearing the rights of purchaser on a motion of this kind; that the court should not have considered rights of purchasers until the trial of the cause in case the motion was sustained, or that they should have been adjudicated in other ways.

In answer to this contention, defendants in error, being E. A. Fariss and the purchasers claiming under him, call attention to the case of Berkey v. Rader, 116 Okla. 258, 244 P. 184. In that case purchasers after the judgment were brought in by notice on the motion to open the judgment obtained by publication. Their rights were adjudicated on the hearing of the motion to open without objection from the moving defendant. The judgment was opened as to the moving defendant, but was denied in so far as the rights of the parties to the proceeding who had acquired interest after judgment were concerned. In that case, this court said in the first syllabus thereof:

"A defendant is entitled to have a judgment entered against him, resting only upon service by publication, canceling a note and mortgage, set aside upon application made within three years from date of the judgment, pursuant to section 256, Compiled Statutes of 1921, provided the defendant tenders with the application to set aside the judgment a valid defense to plaintiff's action. However, the application of the defendant should be denied in so far as the rights of strangers to the proceedings are concerned, who have acquired interest in the subject-matter of the litigation, after the rendition of the judgment, and before the date application is made to set aside the judgment."

Although the moving defendant did not question the court's action in deciding the purchasers' rights on the motion to open the judgment, we will consider the holding of this court in that case in arriving at the correct solution of the problem under consideration. A reading of section 189, Okla. Stats. 1931, in addition to other matters, states:

"* * * but the title to any property, the subject of the judgment or order sought to be opened, which, by it, or in consequence of it, shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, nor shall they affect the title of any property sold before judgment under an attachment."

This section does not provide when it shall be determined whether a purchaser is a purchaser in good faith, and therefore not affected by the opening of the judgment.

It is to the advantage of a defendant, seeking to open a judgment obtained by publication affecting the title to real estate, to have the rights of all parties claiming any interest in said real estate since the rendition of the judgment adjudicated. The defendant may do this by serving notice on such parties and having them set up their rights at the time of the hearing of the motion to reopen, as was done in our present case and in the case of Berkey v. Rader, or the defendant may bring such parties in at a later time, in view of the fact that no definite time for determining the rights of the purchasers is set out in the statutes. In our present case, the moving defendant chose to bring the purchaser in on his motion to open the judgment.

As a further proposition, plaintiff in error, Swartz, contends that even if the court did have jurisdiction to pass on the rights of the purchasers, the court erred in finding for the purchasers for the reason that E. A. Fariss claimed his rights to the lots under a tax deed recorded June 20, 1929; that plaintiff in error had one year from June 20, 1929, in which to attack the tax deed, and that the purchasers could not be bona fide purchasers if they took with notice of any defect in their title; that by reason of having purchased their rights under a judgment quieting title, which was taken within one year from the recording of the tax deed, their title was defective. No authorities are cited to support this contention. The record discloses that Anderson-Prichard Oil Corporation took its oil and gas lease within one year from June 20, 1929; that Mrs. H. G. Patterson took title to the minerals after one year, and the record does not disclose when A. L. Sprout took title to the surface of the lots. In view of the fact that plaintiff in error brought no action within one year after the recording of the tax deed to contest the validity of the same, we hold that the rights of any purchaser who bought within the year are the same as the rights of purchasers purchasing after one year from the recording of the tax deed. For the reasons above stated, the judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Quinn Dickason, Swan C. Burnette, and Sam Clammer in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Dickason and approved by Mr. Burnette and Mr. Clammer, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, C. J., and RILEY, WELCH, CORN, and HURST, JJ., concur.