SUNRAY OIL CORP. v. AMERICAN ROYALTY PETROLEUM CO. et al.
BRADFIELD et al. v. AMERICAN ROYALTY PETROLEUM CO. et al.

Nos. 33698, 33699. July 5, 1950.

Rehearing Denied Oct. 24, 1950.

Second Petition for Rehearing Denied Dec. 12, 1950.

*224 P. 2d 965.*

Edward Howell, of Oklahoma City, for plaintiff in error Sunray Oil Corporation.

S. D. Williams, of Pauls Valley, for plaintiffs in error Beatrice Bradfield et al.

C. H. Bowie and W. D. Hart, both of Pauls Valley, and Twyford, Smith & Crowe, of Oklahoma City, for defendants in error.

O'NEAL, J. These are two appeals growing out of a judgment or order vacating a judgment of the district court of Garvin county entered April

638

30, 1945, quieting title of Beatrice Bradfield in and to a certain tract of land described as:

The Northwest Quarter of the Northwest Quarter of Section 19, Township 1 North, Range 2 West of the I. M., Garvin County, Oklahoma,

in an action by Beatrice Bradfield against the American Royalty Petroleum Company, a corporation, and about twenty-four other defendants.

The action was commenced by Beatrice Bradfield November 9, 1944. Therein she based her claim of title upon a resale tax deed issued by the county treasurer of Garvin county dated May 22, 1940. In said action the American Royalty Petroleum Company was named as a defendant as follows: "The American Royalty Petroleum Company, a corporation, if said corporation be legally existing, and if it be dissolved, then its unknown successors, trustees and assigns, immediate and remote". In her petition she alleged:

"Plaintiff further says that she is unable to ascertain with due diligence whether or not the defendant, the American Royalty and Petroleum Company, a corporation, is legally existing or dissolved; and for that reason has joined the said defendant under the style 'the American Royalty and Petroleum Company, a corporation, if legally existing, and if dissolved, then its unknown successors, trustees, and assigns, immediate and remote.' "

Service of summons as to American Royalty Petroleum Company was by publication. In her affidavit to obtain service by publication she stated:

"Plaintiff and affiant further says that she has made diligent inquiry as to the American Petroleum Company, a corporation is now existing, or whether it has been dissolved, and if existing where it maintains its principal office or place of business, or the names or whereabouts of its principal officers; that if the said Corporation has been dissolved then the plaintiff with such diligence and inquiry has been

unable to ascertain and does not know and is unable to ascertain the names and whereabouts of its respective officers, successors, trustees and assigns if any; other than the last known post-office address of said Corporation was 206 Daniel Building, Tulsa, Oklahoma;"

In the affidavit said corporation was named as "American Petroleum Company". Proof of publication in a newspaper of general circulation in Garvin county was filed. Affidavit of mailing a copy of the petition and publication notice within six days after the first publication to the American Royalty Petroleum Company at its last known address, 206 Daniel Building, Tulsa, Oklahoma, was filed.

American Royalty Petroleum Company did not appear but made default. The Sunray Oil Corporation, Inez Perkins and Mary Elizabeth Baker were not parties in that action.

April 30, 1945, when said cause was heard, the district court, in the journal entry of judgment quieting title in Beatrice Bradfield, stated:

"And the Court finds that good and sufficient notice of service of summons has been made on said defendants as provided by law by the publication of a good and sufficient notice in the Wynnewood Gazette, a legal, weekly newspaper published in Garvin County, State of Oklahoma, for three consecutive issues, the first being more than forty-one days prior to the date set for the hearing of this cause; and that the affidavit of mailing and affidavit to obtain service by publication are regular in form and have been duly filed in said cause; and that the service is complete in all respects, and is hereby approved and confirmed by this court; and it is so ordered and decreed."

February 7, 1947, nearly two years after said judgment was entered, Sunray Oil Corporation purchased, by assignment, an oil and gas lease covering said land which had been executed by Beatrice Bradfield to E. A. Benson and W. V. Montin under date of July 22, 1944.

March 4, 1948, Beatrice Bradfield, by quitclaim deed, conveyed to Inez Perkins "one-half of my mineral interest in and to the NW 1/4 of NW 1/4 (Lot 1, 40.04 acres) of Section 19, Township 1 North, Range 2 West". March 5, 1948, Beatrice Bradfield, by quitclaim deed, conveyed to Mary Elizabeth Baker "All my Mineral Interest in the NW 1/4 of NW 1/4 (Lot 1, 40.04 acres) of Section 19, Township 1 North, Range 2 West".

With the record so standing, American Royalty Petroleum Company, on April 13, 1948, within three years after the judgment of April 30, 1945, filed its application to open the judgment of April 30, 1945, and be permitted to defend. Notice of hearing of said application was served on Sunray Oil Corporation, Inez Perkins, Mary Elizabeth Baker and Beatrice Bradfield. Special appearance and objection to the application was made by Sunray Oil Corporation. The application was heard June 3, 1948, and the court found and held the judgment of April 30, 1945, void for the reason that no proper service was had on American Royalty Petroleum Company.

The application to reopen, among other things, stated:

" . . . American Royalty Petroleum Company, a foreign corporation, and represents and shows to the Court that it is permitted and authorized to do business within the State of Oklahoma, with its principal place of business at Tulsa, Tulsa County, Oklahoma, and that its service agent is George Hughes, at Oklahoma City, Oklahoma, . . ."

The grounds for reopening were:

" . . . that during the pendency of this action this defendant had no actual notice or knowledge thereof in time to appear in Court and make its defense; that the purported service was had upon it by publication in a newspaper, and that this said defendant is a legally existing corporation and could have been served with summons as provided by law when said action was filed and before judgment was rendered against it excluding and divesting it of and from any right, title, interest, equity, lien or estate therein, and that it, nor any of its agents, officers, servants or employees had any actual notice or knowledge of the pendency of this action before the rendition of the judgment and never had notice of said action or judgment rendered herein until about the 15th day of March, 1948, and that its failure to defend itself has been without fault or laches on its part; that the affidavit for service by publication in said action is void for the reason that said affidavit fails to name this defendant, and for the further reason that no service of summons was ever attempted to be had upon this defendant as provided by law."

And:

"That the plaintiff and all parties interested in the lands involved in this action since the filing of said action to the present time knew or could have known with exercise of any diligence that this defendant was doing business at Tulsa, Oklahoma, and that its address has at all times been listed in the telephone directory and other directories, and could easily have located its service agnet (sic), and that the plaintiff well knew all of these facts and that by reason of her failure to cause the issuance of a summons in this case with the knowledge of the address of said defendant constituted a fraud upon the Court, . . ."

The reply or answer to the application to reopen by Inez Perkins and Mary Elizabeth Baker was by general denial and:

"2. They admit that the judgment plead in said application was duly rendered; and that they purchased the lands described in said petition, but say that they are innocent *purchaser* purchasers under the law, and as far as they are concerned the judgment should not be vacated.

"3. The said defendants further say that the answer is not sufficient on which to maintain an action against these defendants herein."

The affidavit of Sunray Oil Corporation, in resistance to the application to vacate the judgment as to Sunray Oil

Corporation, is to the effect that Sunray purchased, by assignment, an oil and gas lease upon the property on February 7, 1947 (setting forth a copy of the oil and gas lease and the assignment thereof); that the Sunray paid $24,699.74 for this lease and leases on other adjoining lands; that Sunray purchased the oil and gas lease in good faith relying upon the judgment of April 30, 1945, and that Sunray had no notice or knowledge of the claim of American Royalty Petroleum Company, asserted in its application, at the time it purchased the oil and gas lease and paid the consideration therefor. In the Sunray case the applicant offered in evidence for cancellation the oil and gas lease and the assignment thereof to Sunray Oil Corporation.

The order of the trial court vacated the judgment of April 30, 1945, insofar as it affected the rights and ownership of Sunray Oil Corporation and also insofar as it affected the rights and ownership of Beatrice Bradfield, Inez Perkins, and Mary Elizabeth Baker. Sunray Oil Corporation, Inez Perkins, Mary Elizabeth Baker, and Beatrice Bradfield each gave notice in open court of intention to appeal. Sunray filed its separate petition in error and transcript. Inez Perkins and Mary Elizabeth Baker and Beatrice Bradfield filed their separate joint petition in error. The two appeals have been consolidated.

The evidence is to the effect that the American Royalty Petroleum Corporation is a foreign corporation organized under the laws of the State of South Dakota; that it was admitted to do business in Oklahoma in 1917 and had its principal place of business in Tulsa, Oklahoma. From 1917 to about 1941 its office or principal place of business was at 206 Daniel Building in Tulsa, Oklahoma, and from 1941 to the time of the trial its place of business was at 812 Palace Building in Tulsa; that it had appointed or designated George A. Hughes, Jr., of Oklahoma City as its service agent, and that he had been such service agent for about ten years; that American Royalty Petroleum Company had no notice or knowledge of the suit of Beatrice Bradfield to quiet title to said land, and it first received notice of said lawsuit shortly after the first of the year 1948; that the American Royalty Petroleum Company, by mineral deed dated May 23, 1929, from Effie Austin and W. D. Austin, the then owners of said land, acquired an undivided one-fourth interest in and to all the oil, gas and other minerals in and under, and that may be produced from said land, and that said deed was filed for record May 4, 1929.

The Sunray Oil Corporation contends that insofar as it is concerned, the judgment of April 30, 1945, is and was not void and that Sunray was entitled to rely thereon in purchasing its lease; it further contends that the evidence conclusively shows that Sunray purchased its lease for a valuable consideration in good faith in reliance upon said judgment of April 30, 1945, and that under 12 O. S. 1941 §176 American Royalty Petroleum Company had no right to have said judgment set aside as to Sunray Oil Corporation. Said section 176, in part, provides:

"A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit, or other evidence that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; but the title to any property, the subject of the judgment or order sought to be opened, which, by it, or in consequence of it shall have passed to a purchaser in good faith, shall not be affected by any proceed-

ings under this section, nor shall they affect the title of any property sold before judgment under an attachment."

The uncontradicted evidence is that Sunray purchased its lease after rendition of the judgment of April 30, 1945, and before American Royalty Petroleum Company made its application to reopen said judgment; that Sunray paid for said lease and leases covering adjoining land, the sum of $24,699.-74, and that it acted in good faith and without any notice of the claim of American Royalty Petroleum Company that said judgment was invalid as to it.

In Berkey, Adm'r, v. Rader, 116 Okla. 258, 244 P. 184, it is held:

"A defendant is entitled to have a judgment entered against him, resting only upon service by publication, canceling a note and mortgage, set aside upon application made within three years from the date of the judgment, pursuant to section 256, Comp. St. 1921, provided the defendant tenders with the application to set aside the judgment a valid defense to plaintiff's action. However, the application of the defendant should be denied in so far as the rights of strangers to the proceedings are concerned, who have acquired interest in the subject matter of the litigation after the rendition of the judgment and before the date application is made to set aside the judgment."

Section 256, C.O.S. 1921, cited in said case, is the same as 12 O.S. 1941 §176, and the same as sec. 189, O.S. 1931.

In Swartz v. Fariss et al., 181 Okla. 115, 72 P. 2d 738, it is held:

"No time having been designated under section 189, Okla. Stats. 1931, at which to determine the rights of purchasers of property the subject of a judgment or order obtained without service other than by publication in a newspaper, sought to be opened, the rights of said purchasers may be determined at any time they are made parties to the proceedings to open the judgment, or their rights may be determined in a subsequent proceeding."

Insofar as application to reopen under 12 O.S. 1941 §176 is concerned, it was clearly error for the trial court to set aside the judgment of April 30, 1945, insofar as the rights of Sunray Oil Corporation are concerned.

Defendant in error contends, in effect, that the judgment of April 30, 1945, was void and that it could be set aside at any time under 12 O.S. 1941 §1038, and that no one could acquire any rights under a void judgment. A void judgment may be set aside at any time on motion of a party or any person affected thereby. In Edwards v. Smith, 42 Okla. 544, 142 P. 302, this court held:

"A judgment is not void in the legal sense for want of jurisdiction, unless its invalidity and want of jurisdiction appears on the record; it is voidable merely."

In Pettis v. Johnston, 78 Okla. 277, 190 P. 681 to 701, it is held:

"A judgment is void on its face when its invalidity is affirmatively disclosed by an inspection of the judgment roll but it is not void in the legal sense for the want of jurisdiction unless its invalidity appears on the face of the record; Edwards v. Smith, 42 Okla. 544, 142 P. 302, followed."

In the opinion it is said:

"A purchaser who is not a party to the proceedings is not bound to look beyond the judgment, if the facts necessary to give the court jurisdiction appear on the face of the proceedings. If the jurisdiction has been improvidently exercised, it is not to be corrected at the expense of one who had the right to rely upon the order of the court as an authority emanating from a competent source."

The only ground upon which American Royalty Petroleum Company relies for holding the judgment of April 30, 1945, void is because the affidavit for service of summons by publication did not allege failure of American Royalty Petroleum Company to have a service agent.

Inspection of the judgment roll does not show any defect in that respect. In the entire judgment roll there is no

allegation or showing that the American Royalty Petroleum Company is, or was, a foreign corporation. The first time it appears anywhere in the record that American Royalty Petroleum Company is, or was, a foreign corporation is in the application to vacate the judgment of April 30, 1945. Therefore, there is nothing appearing upon the judgment roll to show the necessity of appointment of a service agent. The judgment roll showed upon its face a judgment regular in all respects and specifically shows that the court had examined the proof of service of summons by publication. The journal entry recited:

"And the Court finds that good and sufficient notice of service of summons has been made on said defendants as provided by law by the publication of a good and sufficient notice in the Wynnewood Gazette, a legal, weekly newspaper published in Garvin County, State of Oklahoma, for three consecutive issues, the first being more than forty-one days prior to the date set for the hearing of this cause; and that the affidavit of mailing and affidavit to obtain service by publication are regular in form and have been duly filed in said cause; and that the service is complete in all respects, and is hereby approved and confirmed by this Court; and it is so ordered and decreed."

It thus clearly appears that under Pettis v. Johnston, supra, the judgment was not void but voidable. It could be opened under 12 O. S. 1941 §176, but thereunder the rights of Sunray Oil Corporation as a purchaser for value in good faith was or should have been fully protected. It was clearly error to vacate the judgment of April 30, 1945, insofar as it affected the rights of Sunray Oil Corporation.

What we have said with respect to Sunray Oil Corporation appeal applies fully to the appeal of Inez Perkins and Mary Elizabeth Baker. They appear to be purchasers in good faith for value after rendition of the judgment of April 30, 1945, and before the filing of the application to vacate the judgment.

The judgments and each of them are reversed insofar as they affect the rights or interest of Sunray Oil Corporation and Inez Perkins and Mary Elizabeth Baker. The two causes are remanded, with directions to enter judgment in accordance with the views herein expressed.

WELCH, GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. CORN, J., dissents.