## NUSBAUM v. BURNS.

No. 34639. April 29, 1952.

*243 P. 2d 994.*

Brown & Brown, Pryor, for plaintiff in error.

Wilkerson & Wilkerson, Pryor, for defendant in error.

PER CURIAM. This case was originally filed in the district court of Mayes county, Oklahoma, against Lula Coon and others, as defendants, to quiet title to real estate, plaintiff claiming title to said property by virtue of a tax deed from Mayes county, Oklahoma. Notice upon all defendants was

had by publication. After answer date, no defendant having appeared, the court entered a judgment by default on May 19, 1945, quieting the title of plaintiff in and to the real estate described in his petition. The next month, in June 1945, the original plaintiff conveyed the said premises by warranty deed to one H. E. Burns, the defendant in error herein. Thereafter, and on February 7, 1948, the plaintiff in error filed a petition to vacate said judgment, alleging the invalidity thereof by reason of alleged insufficiency of the publication notice, and further alleging the judgment to be void by reason of irregularities in the tax sale, resulting in the original plaintiff obtaining a tax deed from the county and the judgment quieting his title as above set forth. The petition to vacate was filed by Emma L. Nusbaum, plaintiff in error in this court, alleging that she succeeded to the interest of one of the original defendants, J. T. Nusbaum, alleging that said J. T. Nusbaum departed this life on or about March 29, 1923, a nonresident of the State of Oklahoma, and that under and by virtue of his last will and testament, said defendant, Emma L. Nusbaum, succeeded to the ownership of the real estate involved in this case. Following the filing of the petition to vacate judgment, Emma L. Nusbaum caused a notice to be served upon the plaintiff and H. E. Burns, the purchaser of the property, of the filing of the said petition to vacate judgment and giving notice that the same would be heard on March 25, 1948. This notice was duly served upon the plaintiff and H. E. Burns. A similar notice was also served upon the First National Bank of Wagoner, Oklahoma. Motions to quash this notice were filed by H. E. Burns and by the plaintiff. After these motions and other motions and demurrers were disposed of, the plaintiff filed an answer to the petition to vacate the judgment affirming the validity of the judgment and denying that any fraud was perpetrated to obtain such judgment. The plaintiff further alleged in his answer the bar of statute of limita-

tion and pleaded that said defendant, Emma L. Nusbaum, had been guilty of laches, failing to make any effort to pay the taxes on said property for a period of more than 18 years. H. E. Burns also filed an answer to the petition to vacate the judgment, alleging that the court had no jurisdiction insofar as Burns was concerned to entertain the petition to vacate the judgment, Burns not having been a party to the original action. Burns further claimed that he was an innocent purchaser of the property from the original plaintiff, and relied upon the validity of the judgment Emma L. Nusbaum was seeking to vacate, in purchasing such property, and that said Emma L. Nusbaum should take nothing by her petition to vacate the judgment insofar as he was concerned. Replies were filed by the defendant, Emma L. Nusbaum, to the answers of the plaintiff and H. E. Burns. The case came on for trial on January 20, 1950. Two witnesses testified, one by deposition being Carry Ozanne, to the effect that she is the daughter of the defendant, Emma L. Nusbaum, the latter being about 92 years of age, and unable to travel. That Emma L. Nusbaum received no notice of any character of the filing of the original suit. H. E. Burns testified to the effect that he purchased the land from the original plaintiff and that previous to having received his deed and having paid for the land, he required, through his attorney, the filing of the present action to quiet the title to the property. Judgment was entered in effect vacating the judgment in favor of the original plaintiff and permitting said Emma L. Nusbaum to defend said action. The court further adjudged that the petition to vacate the judgment be denied as to said H. E. Burns, finding that said H. E. Burns was a purchaser in good faith of said property and that the title of said Burns in and to said property has not been affected by the proceedings instituted by the defendant, Emma L. Nusbaum. The plaintiff in error, Emma L. Nusbaum, appeals from that judgment.

This appeal involves the application of 12 O. S. §176, which provides:

"A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit, or other evidence that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; but the title to any property, the subject of the judgment or order sought to be opened, which, by it, or in consequence of it shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, nor shall they affect the title of any property sold before judgment under an attachment. The adverse party, on the hearing of an application to open a judgment or order, as provided by this section, shall be allowed to present counter affidavits or other evidence to show that during the pendency of the action the applicant had notice thereof in time to appear in court and make his defense."

The plaintiff in error does not set forth his assignment of error in his brief, but contends that the trial court was wrong in attempting to quiet the title to the lands in H. E. Burns and that the court should have heard all the evidence surrounding the validity of the tax deed relied upon by the original plaintiff in obtaining his judgment to quiet title. Plaintiff in error then devotes considerable portion of his brief to arguing the validity of the tax deed relied upon by the original plaintiff. In the petition to vacate the judgment, the plaintiff in error claimed that there were irregularities in the notice by publication which likewise made the judgment invalid, but no evidence was introduced on this point. Plaintiff in error, in her brief, does not argue this point.

Defendant in error contends that the judgment, as far as the face of the record is concerned, was not void, and that the judgment of the court was proper insofar as defendant in error, H. E. Burns, is concerned.

The method of bringing H. E. Burns into court was a little unusual in that he was notified of the filing of the petition to vacate the judgment, but he was never made a party to the action by order of court. We believe, however, that Burns submitted himself to the jurisdiction of the court by the filing of his answer to the petition to vacate the judgment. Any irregularity in failing to make him a party to the lawsuit by order of court and serving of summons upon him has been waived.

This court has held in a number of cases that a judgment is void on its face when its invalidity is affirmatively disclosed by an inspection of the judgment role, but it is not void in the legal sense for want of jurisdiction unless its invalidity appears on the face of the record. This is the holding of this court in a number of cases, such as Pettis v. Johnston, 78 Okla. 277, 190 P. 681, and Edwards v. Smith, 42 Okla. 544, 142 P. 302.

This court has also held that in a proper case, applying 12 O.S.A. §176, the rights of purchasers of the real estate may be determined at any time they are made parties to the proceeding to open the judgment or their rights may be determined in subsequent proceedings. See Swartz v. Fariss, 181 Okla. 115, 72 P. 2d 738; Sunray Oil Corp. v. American Royalty Petroleum Co., 203 Okla. 637, 224 P. 2d 965. The second (editorial) syllabus in this latter case said:

"The rights of purchasers of property which is subject of default judgment, sought to be opened as obtained without service other than by newspaper publication, may be determined whenever they are made parties to proceedings

to open judgment or in subsequent proceeding, in absence of statutory designation of time for determination of their rights. 12 O. S. 1941 §176."

In the third syllabus by the court, we said:

" * * * However the application of the defendant should be denied insofar as the rights of strangers to the proceedings are concerned who have in good faith and for value acquired an interest in the subject matter after the rendition of the judgment and before the date application is made to set aside the judgment."

The contentions advanced by the plaintiff in error in this appeal are without merit, and the judgment of the trial court is affirmed.

This court acknowledges the services of Attorneys Clarence A. Warren, Carl Livingston, and Edwin S. Hurst, who, as Special Masters, aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

WELCH, CORN, GIBSON, DAVISON, and BINGAMAN, JJ., concur.