George R. THOMAS, Plaintiff in Error,

v.

F. H. DREIBELBIS, Defendant in Error.

Nos. 37649, 37650.

Supreme Court of Oklahoma.

Nov. 19, 1957.

Rehearing Denied Dec. 17, 1957.

R. E. Stephenson, Sapulpa, for plaintiff in error.

Don W. Walker, Sapulpa, for defendant in error.

JOHNSON, Justice.

On the 20th day of January, 1954, plaintiff, G. W. Hellard, brought two separate actions to quiet title to certain lots located in Blocks 2 and 3, Burnett Addition to the City of Sapulpa, Oklahoma. These cases in the lower court are numbered 4818 and 4819. In case No. 4818 plaintiff sought to quiet title to Lots 13 and 14 in Block Two in said above named addition. This action was brought against Willie Fish and C. Blaine, if living, and if they, or either of them, are deceased, their unknown heirs, * * *, and against other named defendants in said petition including unknown owners and holders of sewer warrants for sewer improvements in Sewer District No. 7 of Sapulpa, Oklahoma; P. J. Stephenson, County Treasurer of Creek County, Oklahoma; Board of County Commissioners of Creek County, Oklahoma; and the Oklahoma Tax Commission.

In case No. 4819 plaintiff sought to quiet title to Lots 23 and 24 in Block 3 in said Addition against Henry Downer, C. E. Kiefer, and against all other parties named as defendants in case No. 4818. In each of said petitions plaintiff alleged that he acquired title to the lots in question by quit claim deed executed and delivered to him by Oscar Carnes and Grace Carnes on November 2, 1953. He further alleged that all of the defendants named were claiming some right, title or interest in said property adverse to plaintiff, the exact nature, character and extent of which was to plaintiff unknown; that each and all of the claims of defendants were without right and were null and void but nevertheless constituted clouds upon plaintiff's title and rendered the same unmerchantable, and that plaintiff was entitled to have said respective claims cancelled and title quieted in him. Plaintiff alleged that heretofore the City of Sapulpa constructed a storm sewer upon and across a portion of said Burnett Addition and designated the portion thereof to be benefitted as "Sewer District No. 7," and assessed the cost thereof against the lots and blocks therein, pro rata, and issued and delivered to the contractor sewer warrants which purportedly evidenced a lien for the amount so assessed against each of such lots, including those of plaintiff; that said warrants are outstanding, but that plaintiff has been unable to ascertain the names and whereabouts of the owners and holders of the warrants upon the property herein involved, although he has made diligent inquiry at all known sources of information; that said warrants are null and void, and are a cloud upon plaintiff's title; therefore, plaintiff joins herein as defendants the unknown owners and holders of said warrants for sewer improvements in said District No. 7 in said city.

None of the parties mentioned in said petition filed any answer or pleadings in the case except defendant Oklahoma Tax Commission, which defendant filed a disclaimer in each case.

Plaintiff obtained service upon all of said defendants by publication.

None of the defendants appeared at the trial of the case, and the court entered judgment by default against each and all of them quieting title in plaintiff to the lots in

question as against said defendants and each of them.

On the 3rd day of March, 1956, one George R. Thomas filed a motion to set aside and vacate the judgment in which said motion he alleged that he is a defendant designated in the petitions as an unknown holder of tax warrants in said Sewer District No. 7, and further alleged that plaintiff wrongfully procured said judgments against him on service by publication; that he did not know of the institution of said suit until long after the rendition of said judgment; that he was the owner of sewer warrants which created a lien upon the lots described in plaintiff's petitions; that he purchased same from W. C. Bonney, who was then the owner and holder of said warrants, after the decision and judgment of the Supreme Court in the appeal of Stephenson v. Bonney, 202 Okl. 549, 216 P.2d 315, affirming the judgment of the trial court ordering the sale of said lots to satisfy the payment of said warrants, and in which case the Supreme Court held said warrants valid.

He further alleged in the motion that the only allegation contained in plaintiff's petition as against him is that the warrants so held by the unknown warrant holders were null and void and a cloud on his title; that said allegation pleads a mere conclusion and therefore wholly insufficient to support a judgment by default; that the judgment rendered against him is null and void, and such invalidity appears upon the face of the judgment roll.

Thomas in his motions by way of cross-petition sought to make F. H. Dreibelbis a party defendant in the cases and alleged that after the rendition of the judgments quieting title in the plaintiff to the above described lots, plaintiff pretended to convey title to the lots in question to F. H. Dreibelbis by his deed of April 6, 1954; that said conveyance did not convey any title to the lots in question to him as against the warrant rights creating a sewer lien in his favor for the reason that said judgments were null and void, and the invalidity thereof appeared upon the face of the record; that

Dreibelbis was chargeable with notice and knowledge of the invalidity of said judgments and was also charged with notice and knowledge of the proceeding had in the District Court of Creek County wherein judgment was rendered ordering the sale of said lots to satisfy the payment of tax warrants now owned and held by him, and that the Supreme Court of Oklahoma on appeal affirmed the judgment of the District Court of Creek County, so holding that Dreibelbis was therefore not a good faith purchaser of said lots and acquired no title thereto as against the lien claimed by him (Thomas) against the said lots by virtue of the issuance of said tax warrants.

Thomas further alleged in his motion that Dreibelbis was made a party defendant in these cases to cancel his deed of conveyance from the plaintiff as against the sale of said lots for payment for said sewer warrant above described and prayed judgment that his sewer lien be quieted against plaintiff and F. H. Dreibelbis and as against all persons claiming under and through them.

Upon the filing of said motions Thomas obtained service upon Dreibelbis by publication and notified plaintiff Hellard thereof by causing summons to be issued and served upon him in the manner provided for service of summons on defendants upon the commencement of a civil action.

Plaintiff in each of said cases entered a special appearance and moved to quash and set aside service upon him for the reason that such summons were not served in the manner provided by law and did not confer jurisdiction upon the court to hear the motions, which were overruled by the court.

Dreibelbis in each case entered a special appearance and filed a plea to the jurisdiction of the court and motion to quash service on the ground that he was made a party defendant to the proceeding by Thomas without having first obtained an order of the court permitting him to do so, and for the further reason the notice by publication was ineffective in that it did not notify

him as to the time and place of hearing said motions and did not set forth in apt language the particulars of the proceeding he was attempting to prosecute.

The court entered an order in each case sustaining appellee's plea to jurisdiction and motion to quash service. Thomas, hereinafter referred to as appellant, filed separate appeals from the order of the court sustaining appellee's pleas to jurisdiction and motions to quash service. These appeals are here consolidated and numbered 37,649 and 37,650.

Appellant's motion to vacate the judgment is brought under the provisions of 12 O.S.1951 § 176. This section, after providing that a party against whom a judgment or order has been rendered without other service than by publication in a newspaper may, at any time within three years after the date of the judgment or order have the same opened and be let in to defend by complying with the conditions mentioned in said action, further provides:

"* * * but the title to any property, the subject of the judgment or order sought to be opened, which, by it, or in consequence of it shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, nor shall they affect the title of any property sold before judgment under an attachment. The adverse party, on the hearing of an application to open a judgment or order, as provided by this section, shall be allowed to present counter affidavits or other evidence to show that during the pendency of the action the applicant had notice thereof in time to appear in court and make his defense."

Appellant in his motions pleads a complete defense to plaintiff's cause of action against him, and in his motion offers to pay all costs if required by the court to do so. The motions were verified.

■ It is not contended by appellee that appellant in his motions has not sufficiently complied with the conditions contained in said section 176 in order to confer juris-

diction on the court to hear the motions. It is his contention that appellant had no right to make him a party defendant by way of cross petition in the motions and seek affirmative relief as against him without first having obtained an order of court making him a party defendant. We think there is merit in this contention. In Nusbaum v. Burns, 206 Okl. 387, 243 P.2d 994, 995, this court held:

"The 'adverse party' upon whom notice of the filing of an application to open a judgment is required to be served by Title 12 O.S.A. § 176, is the opposing party of record, the opposing litigant, the person seeking to establish a right as against the defendant making the application. The rights of purchasers of property from such adverse party subsequent to the judgment sought to be opened may be determined at any time they are made parties to the proceeding to open the judgment, or their rights may be determined in a subsequent proceeding."

In that case the court further said:

"The method of bringing H. E. Burns into court was a little unusual in that he was notified of the filing of the petition to vacate the judgment, but he was never made a party to the action by order of court. We believe, however, that Burns submitted himself to the jurisdiction of the court by filing his answer to the petition to vacate the judgment. Any irregularity in failing to make him a party to the lawsuit by order of court and serving of summons upon him has been waived."

Appellee in this case did not waive the unusual and irregular way in which he was made a party defendant in the case, but on the contrary in each of said cases he entered a special appearance and filed pleas to the jurisdiction of the court over his person and motions to quash the service.

■ We think the holding in the above case in effect sustains the contention here

made by appellee. 12 O.S.1951 § 236, provides:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

In 67 C.J.S. Parties § 80, it is said:

"Ordinarily new or additional parties to an action may be included in a cross complaint only on a valid order of the court permitting the inclusion of such parties, but a statute may permit defendant to bring in parties on a cross complaint, without leave of court, in a case coming within the terms of the statute. * * *"

In Brady v. Kobey, 27 Cal.App.2d 505, 81 P.2d 263, 265, the court said that new or additional parties to an action may be included in a cross-complaint as defendants thereto only upon a valid order of the court permitting the inclusion of such parties. The court in that case further said:

" 'The provision of section 442, Code Civ.Proc., giving to a defendant who may seek affirmative relief "against any party" the right to file a cross-complaint at the same time that he files his answer, is limited to cases in which he seeks affirmative relief against a "party" to the action. This section does not give him a right to file a cross-complaint for affirmative relief against one who is not already a party to the action, or bring new or additional parties into the action by including them in his cross-complaint as defendants thereto. He cannot bring a new party into the action without an order of the court therefor.' "

Under the above authorities we think the court ruled correctly in sustaining appellee's pleas to the jurisdiction of the court and his motions to quash service.

Appellant in order to sustain his contention that he had a right in his motion to vacate to make appellee a party defendant to the action, without having obtained an order of the court to that effect, cites and relies upon Neff v. Harmon, 145 Okl. 114, 291 P. 518. In that case the court held:

"Although a person may not be made a party defendant in the petition, if one of the defendants files a cross-petition, naming said person as a defendant, causes summons to be issued and served upon said person, and gives notice of an application for the appointment of a receiver, said person is a sufficient party to the action to give the court jurisdiction to appoint a receiver for the property involved in the action in which said person has an interest, where it further appears that the court acquiesced in the making of said person a party at the time of the appointment of the receiver and no other party objected, although a motion to quash the summons on said party was afterwards sustained, and where it further appears that such person was sixteen months later made a party by order of the court."

In the present case the court did not acquiesce in or approve the action of appellant in making appellee a party to the action and did not after quashing the service enter an order making appellee a party defendant as did the court in the case cited by appellant, nor does it appear that appellant ever requested it so to do.

Moreover, in the cited case no objection was made to the manner in which the third party was made a party defendant, while in the present case specific objection was raised by appellee Dreibelbis as to the manner in which he was brought into the case and made a party defendant by entering a special appearance and filing pleas to the jurisdiction of the court over his person and motions to quash service.

This case is not in point and does not sustain the contention of appellant.

The judgment of the court sustaining appellee's pleas to the jurisdiction and motions to quash the service in each case is affirmed and the causes remanded for further proceedings in accordance with the views herein expressed.

CORN, V. C. J., and HALLEY, BLACKBIRD and CARLILE, JJ., concur.

DAVISON and JACKSON, JJ., concur in result.

WELCH, C. J., and WILLIAMS, J., dissent.