Edna Cleora BULLARD, Lura B. Coppola, Carl W. Bullard, Leona B. Raper and Chester D. Bullard, Plaintiffs in Error,

v.

A. P. LEE & SONS and the First State Bank of Edna, Edna, Kansas, Defendants in Error.

No. 41067.

Supreme Court of Oklahoma.

May 3, 1966.

Nesbitt & Nesbitt, Miami, for plaintiffs in error.

Pitcher & Logan, Vinita, for defendant in error First State Bank of Edna, Edna, Kansas.

DAVISON, Justice.

This is an appeal by case made by Edna Cleora Bullard and four of her children, Lura B. Coppola, Carl W. Bullard, Leona B. Raper and Chester D. Bullard, from an order of the lower court adjudging The First State Bank of Edna, Edna, Kansas, was an innocent encumbrancer as to 30

acres of land located in Craig County, Oklahoma, and that its real estate mortgage thereon was legal and valid against the claims of the above named individuals. The appealing parties will be referred to collectively as "Appellants" and the mother, Edna Cleora Bullard, (age past 80 years) will be referred to as "Edna."

We will narrate only enough of the facts and circumstances as are necessary to an understanding of the basis and reasons for our disposition of this appeal. It appears that Edna was the owner of said land on July 12, 1960, and that on November 15, 1960, she executed a deed conveying the same to her six children, who were the four above named persons and Jesse A. Bullard and Charles L. Bullard. This deed was filed for record the same day.

On August 7, 1962, A. P. Lee & Sons (herein referred to as plaintiff) filed suit against Edna to foreclose a materialman's lien filed on the property, based on material allegedly bought by Charles L. Bullard, as agent for Edna, between *July 12, 1960*, and May 27, 1961, and amounting to $1005.36. No personal service of summons was had on Edna.

On October 10, 1962, plaintiff filed an amended petition making the six children (above named) additional parties defendant. No personal service of summons was had on the defendants, and plaintiff secured publication service based on, inter alia, inability to make personal service within the State, and filed affidavit of non-mailing of notice and petition. None of the defendants appeared or answered and on December 14, 1962, a default judgment was rendered against all of the defendants therein. An execution and order of sale was issued and the property was sold to Charles L. Bullard on February 23, 1963, for the total amount due on the judgment. The sale was confirmed and sheriff's deed was delivered to the purchaser.

On February 12, 1963, prior to the sheriff's sale, Edna conveyed the property by quit claim deed to plaintiff, in which she recognized the validity of the material-man's lien and the lien foreclosure. Therein Edna also referred to her prior deed to her children as having been executed because of a misrepresentation, and that it was not her intention to sign any such conveyance. The plaintiff, in turn, then conveyed to Charles L. Bullard.

On February 25, 1963, Charles L. Bullard and his wife mortgaged the property to the said First State Bank for $1000. This mortgage is the encumbrance referred to in the order now on appeal.

Thereafter, on September 27, 1963, the appellants filed their petition to open the foreclosure judgment and to be let in to defend in a trial of the matter. The appellants also tendered a verified answer to the plaintiff's amended foreclosure petition, denying Charles L. Bullard was the authorized agent for Edna to buy the building materials and attacking the validity of the lien foreclosure sale and the sheriff's deed to Charles L. Bullard. Appellants were proceeding pursuant to 12 O.S.1961, Sec. 176, which provides, inter alia, that a party against whom a judgment has been rendered, "without other service than by publication in a newspaper" may at any time within three years have the same opened and be let in to defend, provided that, during the pendency of the action the party had no actual notice thereof in time to appear in court and make his defense. Notice was given to plaintiff and Charles L. Bullard, and on November 7, 1963, after a hearing thereon, the court sustained the appellants' petition to open the judgment, stating "the defendants (Appellants) and each of them are permitted to defend said action * *."

After this order was made the plaintiff filed a verified reply to the appellants' answer, alleging inter alia; the agency of Charles L. Bullard for Edna and her knowledge that the materials were being furnished; the validity of the lien and its priority over the subsequent conveyance by Edna to her children, allegedly induced by fraud or mistake or duress, as shown by the contents of the quit claim deed given by Edna to the plaintiff; denying appel-

lants were tenants in common in the property; and reaffirming the validity of the publication service had upon the appellants prior to the foreclosure judgment.

Neither the record nor the briefs reflect that there has been any further hearing or a trial on this particular phase of the matter.

The appellants then had the said First State Bank made a party defendant to the action and filed a cross-petition against it, alleging the execution of the mortgage from Charles L. Bullard and wife to the Bank; that the mortgage was void and the Bank was not an innocent encumbrancer as to their interest in the property; that Charles L. Bullard and wife represented to the Bank that they owned the entire interest; and that the sheriff's deed and the foreclosure judgment were void on the face of the record for the reason that the court had no jurisdiction over appellants when the judgment was rendered. Appellants prayed for cancellation of the sheriff's deed and the judgment.

The Bank's verified answer denied generally and specifically the allegations of the cross-petition, but admitted the execution of the mortgage to secure a note for $1000 and that Charles L. Bullard and wife represented they owned the entire interest in the property. The answer alleged the Bank was not a party to the foreclosure proceedings and that the loan was made after the foreclosure judgment and before the appellants made application to set aside the judgment, and that the mortgage was acquired in good faith and was a prior lien upon the property and paramount to any claim of the appellants.

Appellants filed a motion for judgment on the pleadings against the Bank for the reason that the pleadings show the Bank was not an innocent encumbrancer, because it acquired the mortgage within the lis pendens period and the "judgment for Sheriff's Deed," upon which Charles L. Bullard claimed ownership, was shown by the files and records in the case to be void.

The lower court overruled the appellants' motion for judgment on the pleadings and adjudged that the Bank was an innocent encumbrancer and its mortgage legal and valid as against the appellants. This is the order that is the subject of appellants' appeal.

The order does not state, but we assume that the legal basis relied upon for the order was a provision of 12 O.S.1961, Sec. 176, supra, governing opening of judgments after default on service by publication. That statute also provides as follows:

"* * * but the title to any property, the subject of the judgment or order sought to be opened, which, by it, or in consequence of it shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, * * *."

Some question has been raised by the Bank as to whether the order is an appealable order, and cite Oklahoma City-Ada-Atoka Ry. Co. v. Parks, 182 Okl. 598, 78 P.2d 791, as follows:

"An order overruling a motion for judgment on the pleadings is not an appealable order, and where an appeal is taken from such an order prior to the entry of a final judgment or order in the cause, such appeal presents nothing properly reviewable by this court."

■ It is obvious that in the present matter the court did more than overrule the motion for judgment on the pleadings. It entered a final order and judgment on the pleadings whereby the issue of whether the Bank was an innocent encumbrancer was decided in favor of the Bank. The order adjudged the Bank's mortgage to be valid as against the appellants and failure to appeal would have concluded the controversy between these parties. The order was appealable.

■■ With regard to whether the order was properly entered, we stated in Hiebert v. Koenig, 192 Okl. 376, 138 P.2d 534, as follows:

"A judgment on the pleadings is rendered, not because of the lack of evidence or proof, but because of a lack of issue of fact. If the pleadings present no material issue of fact, then it becomes a question of law, as to which party is entitled to judgment."

See also Tennant v. Dodsworth, Okl., 349 P.2d 9 and Hull v. Wolfe, Okl., 393 P. 2d 491.

In Peoples Finance & Thrift Co. v. Fuller, 196 Okl. 32, 162 P.2d 189, 191, this court said:

"* * * A motion for judgment on the pleadings searches the entire record but cannot be sustained unless, under the facts stated in the pleadings, the court can as a matter of law pronounce judgment for one or the other of the parties. Mires v. Hogan, 79 Okl. 233, 192 P. 811. Such motion presents two questions: (1) Is there any issue of material fact, and (2) if no issue of material fact is presented by the pleadings, which party is entitled to judgment? Whipps v. Kling Bros. & Co., Inc., 182 Okl. 382, 78 P.2d 291. * * *"

 We have also held that motions for judgment on the pleadings are not favored by the courts, and pleadings asserted to state no cause of action or defense are to be construed liberally in favor of the pleader, and that every legal intendment is indulged in support of the challenged pleading. If such pleading may be construed to state a cause of action or a defense, a motion for judgment on the pleadings cannot be sustained merely because some allegations appear indefinite or express pure legal conclusions. Issues of fact cannot be resolved on such a motion. Hill v. Anderson, Okl., 363 P.2d 849, 852.

At this place in this opinion we point out that prior to the making of the order now before this court there had developed in the case a very complex situation. The original foreclosure judgment had been opened up and the appellants let in to defend, and the issues between appellants (defendants therein) and the plaintiff were made up. The rights of these litigants remained unsettled. The Bank had been made a defendant and the issues between the appellants and Bank were made up. Throughout these pleadings and the issues, as above narrated, there runs and is presented the unresolved issues of fact as to the validity of plaintiff's lien, the respective interests of the four children appellants and of Edna in the property, and the ultimate effect and weight of Edna's deed to the plaintiff and her admission and statements therein regarding the validity of the lien and the invalidity of her deed to her children.

The status of the Bank as an encumbrancer in good faith under 12 O.S.1961, Sec. 176, supra, depends on the application and effect given that statute. It also appears that the status of the Bank, as mortgagee in a mortgage given by a purchaser (Charles L. Bullard) of lands sold in satisfaction of a foreclosure judgment, is affected by 12 O.S.1961, Sec. 774. This section provides in part as follows:

"If any judgment or judgments, in satisfaction of which any lands or tenements are sold, shall at any time thereafter be *reversed,* such *reversal* shall not defeat or affect the title to the purchaser or purchasers; * * *." (Emphasis ours)

The parties have presented extensive briefs in support of their respective contentions regarding the application of these two statutes. In the absence of a trial and determination of the questions of fact raised by the issues any expression of this court concerning these legal propositions would not be appropriate.

An examination of decisions of this court reveals situations where the rights of the parties to the original action and judgment were determined and then the status of the subsequent purchaser was passed upon in a later action, or the subsequent purchaser became a party and the issue of his status was heard in conjunction with a determination of the rights of the original

parties. Some of these cases are: Eudaly v. Superior Oil Co., Okl., 270 P.2d 335 (sequel to Bradshaw v. Eudaly, 202 Okl. 640, 217 P.2d 522); Nusbaum v. Burns, 206 Okl. 387, 243 P.2d 994; Berkey v. Rader, 116 Okl. 258, 244 P. 184; Sunray Oil Corp. v. American Royalty Petroleum Co., 203 Okl. 637, 224 P.2d 965.

At the hearing on the motion for judgment on the pleadings no testimony was introduced by either party relative to the Bank being an innocent encumbrancer. The lower court relied entirely upon the existing judgment roll. Under the existing circumstances the court acted prematurely in passing upon the proposition of whether the Bank was an innocent purchaser.

For the reasons herein stated the order appealed from is reversed with instructions to proceed in accordance with the views herein stated.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, BLACKBIRD, IRWIN, BERRY and LAVENDER, JJ., concur.