GORDON et ux. v. HOLMAN et ux.

No. 34983.    Dec. 2, 1952.

*250 P. 2d 875.*

Washington & Thompson, Oklahoma City, for plaintiffs in error.

Butler, Rinehart & Morrison, Oklahoma City, for defendants in error.

WELCH, J. Harley Holman and Maggie Holman commenced this action against Elmer L. Gordon and Ione P. Gordon to establish and foreclose a vendor's lien against real estate allegedly sold by the plaintiffs to the defendants.

In petition the plaintiffs alleged that on a certain date the plaintiffs and defendants entered into a certain contract in writing whereby the plaintiffs sold, and the defendants purchased, certain described real estate, and whereby the defendants agreed to pay the plaintiffs a certain sum of money for said property on the delivery by the plaintiffs of a good and sufficient warranty deed to the property and with the delivery of an abstract of title, brought down to date, and showing a good and marketable title to the property. The plaintiffs averred that they have performed every part of the contract required of them, and that defendants have refused to pay said agreed purchase price.

For answer the defendants alleged that the plaintiffs did not fulfill their part of the said written contract in that the plaintiffs did not present a good and merchantable title in accordance with the terms of said contract. In cross-petition the defendants asked rescission and cancellation of the contract on grounds that plaintiffs had failed to deliver to defendants a good and merchantable title in accordance with the terms of said contract.

The trial record reflects that shortly after the parties had entered into the contract the plaintiffs furnished the defendants with an abstract of title covering the property involved. Accompanying the contract there was continuing tender by the plaintiffs of proper conveyance to the property. The abstract of title furnished the defendants was examined and the defendants by attorney presented the plaintiffs a written opinion suggesting certain defects in the title of the plaintiffs, and suggesting that such defects might be cured by a suit to quiet title. Admittedly, the plaintiffs had a clear title of record except for the certain defects mentioned in the defendants' written opinion. The plaintiffs commenced action and recovered judgment quieting title to the property against all the persons and parties named or suggested by the said defendants as, under the records pertaining to the title to the property, might possibly have some claim or interest derogatory to the plaintiffs' title. The said judgment and judgment roll as was entered and recorded was in copy embodied in the abstract of title furnished to the defendants herein. Thereafter the said defendants .refused a demand of the plaintiffs for the payment of the agreed purchase price for the property. The defendants assigned as a reason for such refusal that plaintiffs had not tendered them a merchantable title to the property.

The issues between the parties as tendered by the pleadings and evidence is resolved with a determination of the question of whether or not the plaintiffs presented a marketable or merchantable title.

498

The trial court found for the plaintiffs and entered judgment for the plaintiffs in accord with the prayer of their petition.

The defendants assign error and rest argument for reversal on a contention that the title to the property as tendered by the plaintiffs was doubtful and unmarketable or unmerchantable.

The defendants direct attention to 12 O.S. 1951 §176, which contains the following provisions:

"A party against whom a judgment or order has been rendered without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened and be let in to defend. * * *"

It is urged that the judgment in the quiet title action is without effect to cure certain defects in the plaintiffs' title in that the judgment was rendered against certain of the defendants therein with no service on the said defendants other than by publication in a newspaper, and that three years have not elapsed since the date of judgment.

There is no contention that the said judgment is void in a legal sense or that an invalidity or a want of jurisdiction is reflected upon the face of the proceeding. Indeed, the judgment, a copy of which was introduced in evidence herein, appears regular and valid on its face.

The sufficiency and completeness of the adjudication in the quiet title action to free the plaintiffs' title of all defects, doubts and litigious uncertainty is admitted, except for the contention of a lack of finality in the judgment. The defendants suggest that it will be three years from the date of the judgment before the judgment will become final and free of doubt or litigious uncertainty, and therefore in that time the plaintiffs are left with a doubtful title and are unable to tender a clear title of record, and accordingly have not tendered a marketable or merchantable title to the said defendants.

In Pearce v. Freeman, 122 Okla. 285, 254 P. 719, it is said by the court:

"A merchantable title is one free from litigation, palpable defects, and grave doubts, and consists of both legal and equitable title fairly deducible of record.

" 'Fairly deducible of record' does not necessarily mean that the county clerk's office of the county wherein the land is situated is the only record to which reference may be had in support of such title, but reference may be made to the judgments of any court of record having jurisdiction in the county where the land lies."

The statutory provision relied on in basis of the defendants' argument, §176, supra, in further context, reads:

" * * * but the title to any property, the subject of the judgment or order sought to be opened, which, by it, or in consequence of it shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, * * *."

In Sunray Oil Corp. v. American Royalty Pet. Co., 203 Okla. 637, 224 P. 2d 965, said the court:

"A judgment is not void in the legal sense, unless its invalidity and want of jurisdiction appear on the record.

"A purchaser who is not a party to a proceeding is not bound to look beyond the judgment if the facts necessary to give the court jurisdiction appear upon the face of the proceedings.

"A defendant is entitled to have a judgment entered against him quieting title to real property, resting only upon service by publication, set aside upon application made within three years from the date of the judgment pursuant to 12 O.S. 1941 §176, provided the defendant tenders with the application a valid defense to plaintiff's action. However, the application of the defendant should be denied insofar as the rights of strangers to the proceedings are concerned who have in good faith and for value acquired an interest in the subject matter after the rendition of the judgment and before the date application is made to set aside the judgment."

Such was the construction given the statute, section 176, supra, in Berkey, Adm'r, v. Rader, 116 Okla. 258, 244 P. 184.

The defendants herein were strangers to the action of the plaintiffs to quiet title to the property; in consequence, said defendants could rely on the judgment therein as to its force and effect, it appearing valid on the face of the record of the proceeding. Within the clear meaning of the statute, supra, when the defendants acquire the property involved after the rendition of the said judgment, the title passes to the defendants as purchasers in good faith, and such title could not be affected by any subsequent proceeding under said §176, supra. It follows that under the evidence herein the plaintiffs tendered title to the property to the defendants unaffected by any litigious uncertainty because of the judgment in the quiet title action, and under all the evidence and with the defendants' right to rely on the judgment and its finality as to them we find that the plaintiffs tendered to the defendants a clear title of record which is to say a merchantable title.

Accordingly, the judgment of the trial court herein, is affirmed.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur. O'NEAL, J., concurs in result.